'(February 21, 1887.)'

## GOLDSTEIN v. KRAUSE et al.

[13 Pac. 232.]

Pleadings—Sham Answer—Test.—An answer taking issue only on an immaterial issue of the complaint is frivolous, and may be stricken out on that ground. Falsity is the test of a sham answer, and where shown to be sham by this test may be stricken out.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Charles W. O'Neil, for Appellants.

A sham answer is one which is good in form, but false in fact, such falsity being proven by the failure of the defendants to deny the truth of the matters set up in the affidavits in support of the motion to strike. (*Gostorfs v. Taafe,* 18 Cal. 385; *Fay v. Cobb,* 51 Cal. 313; *Arata v. Mining Co.,* 65 Cal. 340, 4 Pac. 195.) The answer was pleaded in good faith, and, if sufficient in law, it should have been demurred to. If true, it was a good defense. (Waples on Attachments, p. 208, note 2; citing *Burton v. Wynne,* 55 Ga. 651; *Clough v. Buck,* 6 Neb. 343; 2 Wade on Attachments, secs. 460, 462; *Bills v. Bank,* 89 N. Y. 349.)

W. W. Woods, for Respondent.

If the plea is false, the striking out is not an invasion of the trial by jury. (*Coykendall v. Robinson,* 39 N. J. L. 98.) Fraud, as a defense, must be specially pleaded. (*Churchill v. Anderson,* 56 Cal. 55; *McKiernan v. Lenzen,* 56 Cal. 61; *McCreary v. Marston,* 56 Cal. 403; *Brodrib v. Brodrib,* 56 Cal. 566; *Hayward v. Rogers,* 62 Cal. 349.

HAYS, C. J.—This action was brought upon a promissory note. The complaint alleges the making and delivering of the note to one Henry Bernstine, by the defendants, who were copartners, under the firm name of Krause & Boehm, and that the same became due on the twenty-third day of August, 1884, and had not been paid; that prior to the maturity of

the note Henry Bernstine duly indorsed and delivered the note to this plaintiff, who has ever since been the owner and holder of the note. Defendants, Krause & Boehm, answering, admit the partnership; the making and delivering of the note; that the same became due and owing August 23, 1884, and that the same is not paid; but deny that, prior to August 20, 1884, Henry Bernstine indorsed and delivered the note to this plaintiff, and that the plaintiff is the owner and holder of the same. And for further answer allege that, on the thirteenth day of August, 1885, Corbit and Mackay sued Henry Bernstine, and garnisheed these defendants, and thereby attached the money due upon said note. Corbit and Mackay intervened, and set out, in their complaint, as interveners, in substance, what had been alleged in the answer. Plaintiff demurred to this complaint, and the demurrer was sustained. Upon motion of plaintiff, the answer was stricken out as sham and irrelevant, and judgment was entered in favor of plaintiff, from which an appeal is brought.

Section 250 of our Code of Civil Procedure provides: "Sham and irrelevant answers, and irrelevant and redundant matter inserted in a pleading, may be stricken out upon such terms as the court may, in its discretion, impose." Under this section, a court may strike out a whole answer as irrelevant or as sham. By reference to the pleadings, it will be observed that the defendants admit that the note became due August 23d; but they deny that it was indorsed and delivered to plaintiff prior to August 20th. This is equivalent to an admission that it was indorsed and delivered prior to its maturity. But defendants deny that plaintiff is the owner and holder of the note. This is the only question raised by the answer.

A frivolous answer is one which denies no material averment in the complaint, and which, if admitted to be true, does not constitute any defense to the plaintiff's cause of action. (2 Wait's Practice, 492, and cases there cited.) An answer taking issue only on an immaterial averment in the complaint is frivolous. (*Fairchild v. Railroad Co.*, 15 N. Y. 337, 69 Am. Dec. 606.) In *Wedderspoon v. Rogers*, 32 Cal. 569, the court says: "The averment that the plaintiff was the owner of the note is not an averment of an issuable fact. It is but the

averment of a conclusion of law, which follows from the other facts averred. It was immaterial, and might have been omitted. The conclusion of law necessarily followed from the other facts stated." Tested by these rules, this answer was frivolous. Falsity is the principal element of a sham answer. (2 Wait's Practice, 488, and cases cited.)

The plaintiff properly proceeded upon proof furnished the court below, in accordance with the practice, to thus test the answer. The court there found the answer to be sham—we think rightfully, unless it may be said it was so irrelevant that it could not be sham. But it was properly stricken out.

It is unnecessary to go into a discussion of the propriety of sustaining the demurrer. The intervening complaint was insufficient, and the demurrer was properly sustained.

Judgment affirmed.

Buck and Broderick, JJ., concurring.