(80 Misc. Rep. 487.)

GOLDOWITZ et al. v. HENRY KUPFER & CO.

(Supreme Court, Appellate Term, First Department.   May 8, 1913.)

1. FRAUDS, STATUTE OF (§ 115*)—CONTRACTS OF SALE—SUFFICIENCY OF MEMORANDA.

A printed signature is sufficient, within the statute of frauds; and where a trader, who is in the habit of delivering printed bills of parcels to which his name is prefixed, delivers one containing the necessary particulars of a contract of sale, it is sufficient.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 242–250; Dec. Dig. § 115.*]

2. FRAUDS, STATUTE· OF (§ 83*)—CONTRACTS OF SALE.

A contract for the sale of articles to be manufactured and delivered, and which are not suitable for sale in the ordinary course of the seller's business, is exempted from the statute of frauds by Laws 1911, c. 571, § 85, subd. 2.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 147–153; Dec. Dig. § 83.*]

Appeal from City Court of New York, Trial Term.

Action by Isaac Goldowitz and another against Henry Kupfer & Co. From a judgment dismissing the complaint, plaintiffs appeal.   Reversed, and new trial ordered.

See, also, 137 N. Y. Supp. 690.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Henry I. Kowalsky, of New York City (Robert L. Turk and Benj. Frindel, both of New York City, of counsel), for appellants.

Leo G. Rosenblatt, of New York City, for respondent.

GUY, J.   This is an action to recover damages for the nondelivery of goods alleged to have been sold by defendant to plaintiffs.   The defense relied upon at the trial was the statute of frauds, viz., that no valid sale was shown.

An order on a blank printed by defendant, with its name and address at the top, for the sale of the goods in question to the plaintiffs, giving the terms of sale, time of delivery, and price of each item of goods, was signed by one of the plaintiffs.   At the foot of the order was a printed guaranty of the price, coupled with the privilege of canceling the order, signed, in print, with the name of defendant.   An unsigned letter to plaintiffs' firm, with defendant's name and address on the letter head, acknowledging the entry of plaintiffs' order, was delivered to one of the plaintiffs.   The defendant's president testified that the plaintiffs' order was placed upon its books as an order, but that its counsel later advised it that it was invalid.

[1] A printed signature will answer the requirements of the statute of frauds, and where a trader who is in the habit of delivering printed bills of parcels, to which his name is prefixed, delivers one containing the necessary particulars of the contract, it is sufficient. Browne on Statute of Frauds (5th Ed.) 356.

[2] It also appears that the contract was for the sale of articles thereafter to be manufactured and delivered, and which are· not suit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

able for sale to others in the ordinary course of the seller's business, and does not come within the statute of frauds. Warren Chemical & Mfg. Co. v. Holbrook, 118 N. Y. 586, 593, 23 N. E. 908, 16 Am. St. Rep. 788; Meyer Bros. Drug Co. v. McKinney, 137 App. Div. 541, 545, 121 N. Y. Supp. 845, affirmed 203 N. Y. 533, 96 N. E. 1122; Laws 1911, c. 571, § 85, subd. 2.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur. .

