(84 Misc. Rep. 393)

GOLDOWITZ et al. v. HENRY KUPFER & CO.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. PLEADING (§ 248*)—AMENDMENT OF COMPLAINT—SURPRISE.

The opinion on a former appeal indicated that plaintiffs' cause of action was based on a contract to manufacture and deliver goods, and defendant knew that plaintiffs claimed that to be their cause of action, and defendant's acceptance of the contract stated in terms that the goods were to be "manufactured and delivered," and the contract expressly provided for delivery at the times stated. Held, that plaintiffs could not claim to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have been surprised by an amendment of the complaint upon a second trial so as to allege a cause of damages for defendant's failure to deliver to plaintiffs goods which defendant had agreed to manufacture and deliver.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686, 687, 689–706, 708½, 709; Dec. Dig. § 248.*]

2. SALES (§ 152*)—PERFORMANCE BY BUYER—SUFFICIENCY.

When the buyer of goods which were to be manufactured and sold to it called upon the seller and requested to be permitted to select the colors in which the goods were to be furnished, as he was required to do by the contract, and the seller refused to permit the buyer to make the selection, and stated thereafter that the goods had advanced and he would not comply with his contract, the buyer had sufficiently performed the condition requiring him to select the color of the goods, and was not required to again offer to make the selection.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 357; Dec. Dig. § 152.*]

Appeal from City Court of New York, Special Term.

Action by Isaac Goldowitz and another against Henry Kupfer & Co. From an order setting aside a verdict for plaintiffs, they appeal. Reversed, and verdict reinstated.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Henry I. Kowalsky, of New York City (Robert L. Turk and Benj. Frindel, both of New York City, of counsel), for appellants.

Leo G. Rosenblatt, of New York City, for respondent.

SEABURY, J. Upon the first trial of this action the complaint was dismissed, and the judgment of dismissal was reversed, and a new trial ordered. 80 Misc. Rep. 487, 141 N. Y. Supp. 531. The opinion of the court upon the first appeal determined that the contract upon which the action was based was not within the statute of frauds. Upon the second trial the complaint was amended. As amended, it stated a cause of action for damages for the failure of the defendant to deliver goods to the plaintiffs which the defendant had agreed to manufacture and deliver. The respondent contends that the court erred in allowing the amendment to the complaint, and pleaded surprise when the plaintiff asked to amend.

[1] We do not think that the defendant was taken by surprise on account of this amendment. The opinion of the court on the first appeal indicated that the plaintiffs' cause of action was based upon a contract to manufacture and deliver, and the defendant knew that such was in fact the contention of the plaintiffs. Not only did the plaintiffs contend that such in fact was the nature of the cause of action upon which they sued, but the defendant's acceptance of the plaintiff's offer in terms stated that goods were "to be manufactured and delivered." The contract provided that the defendant was to deliver to the plaintiffs certain velveteens, and contained the following clause:

"The colorings and delivery specifications for at least one-half of this contract are to be given by June 15, 1911. The balance of the goods may be drawn against as wanted during the season, but all must be taken by Decem-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ber 1, 1911, and Henry Kupfer & Co. may ship in any unspecified balance in black on that date."

It appeared in evidence that the words "coloring and delivery spec-ifications" meant that the buyer should indicate to the seller the color in which the goods were to be furnished. The plaintiffs proved that in the latter part of May, 1911, one of the members of the plaintiffs' firm called at the place of business of the defendant and had an inter-view with a salesman named Cooper, and told him that he had "come to give him an assortment of the goods," and that Cooper told him to return in a few days. In the early part of June, the witness testified that he called again and made the same offer and that Cooper then told him it would be necessary for him to see the manager. He then saw Howlett, who is conceded to have been the defendant's manager, and asked that a delivery of the goods be made, and he was told that the goods had advanced in price and that he must see the president of the defendant corporation. Shortly thereafter the witness saw Kup-fer, the president of the defendant corporation, and was told that the goods had advanced in price and that the defendant refused to deliver them. There was much other testimony to substantially this effect.

The complaint alleged, in the fourth paragraph:

"That on or about the 22d day of May, 1911, and the 17th of June, 1911, the plaintiffs were ready and willing and duly demanded and offered to re-ceive and pay for said velveteen pursuant to said agreement, and requested the defendant to deliver the same, and otherwise duly performed all the con-ditions on their part to be performed."

[2] The learned court below set the verdict aside on the ground that the plaintiffs had pleaded performance of the conditions of the con-tract "requiring them to make selections of color," and that instead of so doing they had excused their failure to make such selections. We think that this view involved too strict an interpretation of the plain-tiffs' pleading. The complaint alleged that the plaintiffs duly per-formed and demanded and offered to receive the goods, and that the defendant refused to deliver the same. When the plaintiffs called on the defendant and asked to make the selection or "assortment," and the defendant refused to permit them to do so, the plaintiffs had, as alleged in their complaint, "duly performed all the conditions on their part to be performed." The refusal of the defendant at that time to permit the plaintiffs to make the selection and the statement by the defendant shortly thereafter that the goods had advanced in price, and that the defendant would not comply with its contract, relieved the plaintiffs of any further obligation under their contract. After such a refusal, they certainly were not bound to again ask leave to make the selection.

As the learned court below set aside the verdict of the jury solely upon this ground, it follows that the order appealed from should be reversed, with costs, and the verdict of the jury reinstated. All con-cur.