AMES PORTABLE SILO & LUMBER CO. v. WORRALL et al. (No. 131.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 14, 1916.)

1. CONTRACTS ☞163—CONSTRUCTION—WRITTEN AND PRINTED TERMS.

Where the printed terms of sale of a contract were left blank, the terms written in ink are conclusive.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 745.]

2. VENUE ☞22(1)—RESIDENCE OF DEFENDANT—ACTION AGAINST SEVERAL DEFENDANTS.

Where contract for sale of silo provided for payment on completion or that on breach by the purchaser the seller could declare the price due in another county, and the purchaser deposited money in the bank to pay, but the bank assumed no liability as to the forfeiture, the seller on making the buyer and the bank parties defendant could not against their objection sue in the county provided for in the forfeiture clause, which was not the county of bank's place of business.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 35.]

Appeal from Jefferson County Court, at Law; D. P. Wheat, Judge.

Action by the Ames Portable Silo & Lumber Company against E. C. Worrall and another. From an order transferring the cause, plaintiff appeals. Affirmed.

V. A. Collins, of Beaumont, for appellant. George D. Anderson and R. E. Masterson, both of Beaumont, for appellees.

BROOKE, J. This action was brought in the county court at law of Jefferson county by the Ames Portable Silo & Lumber Company against E. C. Worrall and the First State Bank of Alta Loma, Tex.; the said bank being in Galveston county, Tex., and the said

---

Worrall residing in Galveston county, Tex. The action was on a contract made between appellant and appellee only on July 15, 1915. The appellee First State Bank of Alta Loma was not a party to the contract. The contract, by its terms, provided for the sale and construction of a silo by appellant for the appellee Worrall, in Alta Loma, Galveston county, Tex., for which Worrall was to pay to appellant the sum of $380. The contract reads that the "money to be placed in the First State Bank at Alta Loma, Texas," and, further, "bill of lading to be sent to the First State Bank at Alta Loma, Texas, where settlement shall be made according to the above terms of sale." Appellant says that Worrall declined to allow appellant to complete the contract by erecting the silo, and refused to allow appellee First State Bank of Alta Loma, Tex., to pay over to defendant the money deposited with said bank. The contract has a provision to the effect that failure of Worrall to do certain things within 10 days after the arrival of the shipment of the silo at Alta Loma, that then the whole amount of the purchase price shall, at the option of appellant, become due and payable at Beaumont. Both Worrall and the First State Bank of Alta Loma, Tex., filed their pleas of privilege to be sued in Galveston county, Tex., the county of their residence and domicile. When presented to the court, the pleas were sustained, the cause ordered transferred to Galveston county, to which order appellant excepted, and has perfected its appeal to this court.

By the provisions of the contract, it will be seen that the part of the same relied upon by appellant to give jurisdiction in Jefferson county has two conditions: Failure of the purchaser to (1) take up bill of lading, and (2) make settlement as above terms of sale within ten days after arrival of shipment.

As to first condition, the court found as follows:

"I further find that E. C. Worrall, as provided in said contract, placed the money, the sum of $380, in the First State Bank at Alta Loma, Tex., and took up the bill of lading within 10 days after the arrival of the shipment at Alta Loma, Tex., in accordance with the provisions of said contract."

The second condition was failure to make settlement as per above terms of sale within 10 days after arrival of shipment.

By referring to the contract, it will be seen that the provisions therein as to terms of sale were left in blank:

"On the following terms of sale: Cash on arrival of shipment, $———. ———— note due ————, 191—, with interest at ———— per cent. per annum from ————, 191–, for $————. ———— note due ————, 191—, with interest at ———— per cent. per annum from ————, 191—, for $————. ———— note due ————, 191—, with interest at ———— per cent. per annum from ————, 191—, for $————."

So, the terms of sale in the printed part of said contract are left blank, and therefore the reasonable conclusion is that the said blank terms have no application to the contract in question. The terms of sale that were written in the contract by the parties are as follows: First, money to be placed in the First State Bank at Alta Loma, Tex.; and, second, bill of lading to be sent to the First State Bank at Alta Loma, Tex., where settlement shall be made according to the above terms of sale, and, third, money to be paid when silo is erected complete.

[1] It is conclusive that the terms of sale, as intended by the parties, were written out therein, as above stated. The question only, then, is to determine whether or not venue as to appellee Worrall may be had in Jefferson county; that is, whether the defendant Worrall failed to comply with the terms of sale provided for in the contract under consideration: If Worrall placed the money in the First State Bank at Alta Loma, Tex., and if he took up the bill of lading within 10 days after the arrival of the shipment, as the court in its finding sets out. If these things be true, then Worrall complied with the terms of sale provided for in the contract, and the appellant could not, at its option, declare the contract price due and payable at Beaumont, Tex., and such a possibility could only arise if Worrall had not complied with the terms of sale. The appellant, in his brief, on page 2, says:

"Appellee State Bank agreed to do nothing in writing, and appellant is not certain of its right to hold it in Jefferson county over its plea of privilege."

And, on page 6 of appellant's brief, he says:

"Appellant's counsel will not contend for something that he himself does not believe, and therefore waives the second assignment. We do not believe that the court in Jefferson county could try the case against the appellee bank over its plea of privilege."

[2] The appellee bank is still a party to the action. There is no dismissal apparent of record as to the said bank. The stipulations in the contract to the effect that the foundation material "all teams, one man, etc., to be furnished by appellee Worrall," without question relate to matters of construction of the silo, and has no application to the terms of sale. Appellant has only one assignment of error, which is as follows:

"Where plaintiff's suit was upon a contract in writing stipulating as follows: 'Bill of lading to be sent to the First State Bank of Alta Loma, where settlement shall be made according to above terms of sale. Upon the failure of the undersigned purchaser to take up the bill of lading and make settlement as above terms of sale, within ten days after the arrival of shipment, the whole amount of the purchase price, as above stated, shall at the option of the Ames Portable Silo & Lumber Company, become due and payable at Beaumont, Texas'— and as a part of the above terms of sale, was that defendant was to furnish foundation material for the silo, and to furnish one laborer and to board all laborers, and the undisputed evidence showed that plaintiff had several times tried to construct and complete the said silo, but was prevented from doing so by defendant, plaintiff had the right under the contract to declare the purchase price of the silo due and payable at Beaumont, Tex., to enforce the pay-

ment of the purchase price of the silo, and the court committed error in sustaining the plea of privilege of the defendant who signed such contract and in entering its order and judgment, transferring said cause from the county court of Jefferson county, at law, where same had been instituted."

We deem it unnecessary, in view of what has been said above, that we should further discuss the matter, and will say that in our opinion the assignment has no merit, and is therefore in all things, overruled; and the judgment of the lower court, being correct, is in all things affirmed.