JACOB G. COHEN, Appellant, *v.* MORRIS WOLGEL, etc., Respondent.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Statute of Frauds— what is a sufficient memorandum under — Personal Property Law, § 85.

A bill of goods, priced, made under the printed name of the buyers by their direction and describing the goods as "sold to L. G. Gangel (plaintiff's assignor), New York City" is a sufficient memorandum under the Statute of Frauds which, as it now reads (Personal Property Law, § 85), requires only the signature of the party to be charged, etc.

APPEAL by plaintiff from an order of the City Court of the city of New York, setting aside the verdict of a jury in his favor and granting a new trial.

I. Gainsburg (Joseph P. Segal, of counsel), for appellant.

Benjamin Frindel (Robert L. Turk, of counsel), for respondent.

BIJUR, J. The issues of fact having been found in plaintiff's favor the only question presented by this appeal is whether the contract of sale on which plaintiff sued was invalidated by non-compliance with the Statute of Frauds. It need not be decided whether there was such an " acceptance " of the goods as to remove the case from the statute because in my opinion the memorandum was " signed by the party to be charged or his agent in that behalf " as required by the Personal Property Law, section 85.

It is conceded that at the time of the purchase either the defendant or his fully authorized agent delivered to plaintiff a bill which contained the full description

Appellate Term, First Department, June, 1919. [Vol. 107.

and price of the goods sold under the printed name of defendant, and which was filled out at their direction on the typewriter, describing the goods as " sold to L. G. Gangel [plaintiff's assignor] New York City."

The statute as it now reads requires only a signature and not a subscription to the memorandum. It has been held for years in England under a similar statute that the name of the party to be charged, printed upon a bill or similar instrument, which inscription is at the time of the sale " appropriated " or " assigned " by the party to this particular transaction, is a sufficient signature. *Saunderson* v. *Jackson,* 3 Esp. 180 (1799), (Lord Eldon), frequently cited with approval, as for example in *Schneider* v. *Norris,* 2 Maule & S. 286 (1814), (Lord Ellenborough); *Evans* v. *Hoare,* 1 Q. B. 593, 596 (1892); *Hucklesby* v. *Hook,* 82 L. T. 117 (1900). See also *James* v. *Patten,* 6 N. Y. 15; *Goldowitz* v. *Kupfer & Co.,* 80 Misc. Rep. 487.

Order reversed and verdict reinstated, with costs to appellant.

GUY and MULLAN, JJ., concur.

Order reversed, with costs to appellant.