THE JOSEPH GALIN COMPANY, Respondent, *v.* LEO .NEW-HOUSE and Another, Appellants.

(Supreme Court, Appellate Term, First Department, March, **1920.**)

Statute of Frauds — insufficiency of memorandum — sales — complaint dismissed.

> In making a memorandum of a sale of goods, the defendants used an order blank having at its top the printed name of a concern to whose business they had succeeded, but their own name did not appear on the order blank nor was any description of them thereon or any attempt at such description. *Held,* that the memorandum was insufficient under the Statute of Frauds and a judgment in favor of the purchaser for failure to deliver the goods will be reversed and the complaint dismissed upon the merits.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of the plaintiff, entered upon the verdict of a jury.

Braun & Solomon (Louis H. Solomon, of counsel), for appellants.

Charles J. Lane, for respondent.

MULLAN, J. The action is by the purchaser against the sellers, for failure to deliver, the goods being suits of clothes to be made up by the defendants out of their own cloth, selected by the plaintiff. The defendants set up the Statute of Frauds. That the agreement was one for the sale of goods there can be no question. Pers. Prop. Law, § 85; *Eagle Paper Box Co.* v. *Gattie-McQuade Co.*, 99 Misc. Rep. 508. To meet the Statute of Frauds defense the plaintiff was compelled to show a memorandum of the sale, signed by the defendants or their agent. The memorandum it

relies upon was made by the defendants on an order blank bearing at its top the printed name " Leo Newhouse & Co.," a concern to whose business the defendants had succeeded. The defendants were not doing business under the name of their predecessors, and the order blank of their predecessors was used by them only for the reason that order blanks bearing their own name had not yet been received from the printer, of whom they had been ordered. The name of the defendants nowhere appeared upon the order blank here in question, in any form, nor was there any description of them, or any attempt at description. Had the defendants been so referred to or indicated that their identity would be clearly ascertainable, and in such wise that the description would amount to a statement of fact, the requirement of the statute that the memorandum contain the names of the parties would have been met, under the doctrine *id certum est quod certum reddi potest.* Benj. Sales (5th ed.), 249; *Rossiter* v. *Miller,* 3 App. Cas. 1124 (1878). And see *Marks* v. *Cowdin,* 226 N. Y. 138. Parol evidence could be resorted to in such a case, not to show with whom the bargain was made, but to show who was described. Benj. Sales, *supra.* And see opinion of Jessel, M. R., in *Potter* v. *Duffield,* 18 Eq. Cas. 4 (1874). The plaintiff relies, for the defendants' name and signature, upon the doctrine of the cases holding that a printed name on the paper on which the writing is made may be " appropriated " as a signature (see *Cohen* v. *Wolgel,* 107 Misc. Rep. 505), but, plainly, there was no such appropriation here. The paper here in question merely contained a name that had no possible relation to the transaction. It happened to be that of the house to whose business defendants had succeeded; it might as well have been that of any person whose stationery the defendants

had in their possession. The paper must be treated, therefore, as if the name "Leo Newhouse & Co." had a line drawn through it, or had in some other way been erased. As the statute was intended merely to compel the formality and certainty of proof that a writing gives, and not to create an additional essential to the validity of a contract, it is not necessary to the sufficiency of a memorandum that it be signed with the intent to make a memorandum that is good under the statute. Williston Sales, § 106. There must, however, be an intent to appropriate a signature, as signature, in order to effect a signing. While a man might, conceivably, intentionally appropriate for a given occasion a signature not his own, it would have to be shown that he did so by design. Here, there is not only no proof of such an intention, but the proof is directly the other way. It follows, from the elimination of a name that was not, and which in the circumstances here present could not have been appropriated, the memorandum was lacking in two essential respects, namely, the name or description of the sellers, and their signature.

The point is also made by the appellants that the sole reference in the memorandum to the buyer, as "Jos. Galin," does not sufficiently identify the plaintiff corporation; but in view of our very strong conviction that the memorandum is inadequate for the other reasons stated, we deem it unnecessary to express any opinion upon that subject.

The defendants' motion to dismiss the complaint should have been granted.

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with costs.

Lehman and Finch, JJ., concur.

Judgment reversed, with thirty dollars costs.