Finch, J.
This is an action for damages for breach of an alleged contract for the sale of certain goods by defendants to plaintiff. The defendants denied generally and as a defense set up the Statute of Frauds.
It appears that the plaintiff’s president went to the defendants’ place of business and looked over their line of samples; that he procured from one of the *416 defendants’ employees a pad on which was printed the defendants ’ names and a former address; that on this pad the plaintiff’s representative wrote in duplicate various items of goods at stated prices, signed and handed the sheets containing the writing to defendants’ employee, who retained the original and returned the copy to plaintiff’s representative, the defendant making no writing thereon. It is urged by the respondent, however, that the defendant must be deemed to have appropriated as its signature its printed name upon the sheet, and hence the alleged contract is not within the Statute of Frauds. With this contention I am unable to agree.
Both in this country and in England no case has gone further than to hold that a printed name when at the top of an order blank or bill may be appropriated or assigned to a particular transaction as a signature only where the remainder of the blank has been filled in by the party to be charged therewith or his duly authorized agent. Cohen v. Wolgel, 107 Misc. Rep. 505; Hucklesby v. Hook, 82 L. T. Rep. 117 (the latter pointing out the distinction between the earlier English cases and the case at bar). Such decisions seem to mark the dividing line between those cases where the statute has been complied with and where it has not. In the one case you have taken the agreement out of the reach altogether of possible frauds and perjury, inasmuch as it is entirely out of the reach of verbal testimony only, whereas in the case at bar the vitals of the transaction are established or denied entirely by oral testimony. Wilson v. Lewiston Mill Co., 150 N. Y. 314, 325, 326.
The doctrine of appropriation of defendant’s printed name as his signature to the contract must rest upon the principle that a man may say in any form “ this is my signature,” but at the time he does so there must *417 be a writing in existence which must be the writing of the person to be charged therewith, for if the writing is not then in existence, there is nothing to which the defendant’s printed signature maybe appropriated to or assigned to. This writing must be made either by the defendant or his duly authorized agent. The other party cannot be his agent for this purpose any more than he could for the purpose of appropriating the printed signatures. Wilson v. Lewiston Mill Co., supra.
The defendants’ testimony in the case at bar furnished an excellent example of the reason for the statute. Such testimony is that the plaintiff was trying to persuade the defendants to accept the order at the prices desired by the plaintiff and the defendants refused because a strike was in progress and labor costs could not be reckoned. Plaintiff finally wrote down what it wanted on what defendants allege to be a memorandum pad used for scrap and not used for the purpose of taking orders and left it with the defendants as a mere offer on the part of plaintiff which the defendants never accepted. Plaintiff now seeks solely by its own writing and oral testimony on its part to bind the defendant and the latter has to meet this issue likewise by oral testimony. As a result, the statute is entirely done away with provided that a plaintiff convinces a jury of the truth of his assertion.
It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs.
Lehman and Mullan, JJ., concur.
Judgment reversed, with costs.