(No. 5588.   October 11, 1930.)

J. H. BROWN, Respondent, v. W. H. JONES, Appellant.

[292 Pac. 235.]

Solon B. Clark and Harold Holden, for Appellant, cite no authorities on points decided.

Ralph L. Albaugh and Arthur W. Holden, for Respondent.

VARIAN, J.—Respondent brought this action for damages for breach of a contract, dated April 9, 1927, for the sale of 2,400 pairs of sheep (a pair meaning a ewe and a lamb), with seventy-five lambs thrown in without cost to respondent, said sheep to be paid for at the rate of $16.50 per pair, f. o. b. cars at Arco or Pioneer, Idaho, on June 1 and June 10, 1927, when loaded, at option of respondent. The second amended complaint alleges damages, general and special, in the aggregate sum of $16,000. Appellant's demurrer was overruled, and he answered. The first paragraph of the answer is a general denial. Paragraph 2 alleges that on the date the contract was signed, appellant was seriously ill and wholly incapacitated from attending to any business; that respondent came to appellant on said day and tried to induce him to contract for the sale of certain sheep; that appellant advised respondent that he was too ill to transact any business; that respondent insisted, and after some conversation appellant agreed to sell some of the sheep, and that respondent thereupon prepared an alleged contract; that appellant was so ill he did not know or realize what he was reading when he read the purported contract, but wholly relied upon respondent to advise him of its contents, and so relying appellant signed a written contract thereto attached (substantially in the terms of the contract in evidence); and that said contract does not set out the terms of the agreement of sale agreed to by the parties, etc., all of which was well known to the respondent. Paragraph 3 of the an-

swer alleges that as soon as appellant was able to intelligently read and realize the meaning of the contract, he promptly rescinded the same and returned all sums paid him thereon. The fourth or last paragraph of the answer alleges that the contract is and was unfair, unconscionable and impossible of performance, which was known to respondent, and appellant would not have signed it had he not relied upon representations as to its contents, and on account of appellant's serious illness and inability to read, understand or comprehend the terms and conditions of said contract.

When the trial commenced, the court, on motion, struck out all of paragraphs 2, 3 and 4 of said answer, for the reason that they were irrelevant, sham and frivolous. Motions for nonsuit and instructed verdict for defendant were denied, and the jury found for plaintiff in the sum of $3,000. Defendant appeals from the judgment.

The items of special damages were eliminated by the court's instructions.

The action of the court in striking said portion of the answer is assigned as error, appellant contending that the answer was open to demurrer but not subject to motion to strike. While we do not approve of the practice of waiting until the case is about to be tried before moving against an answer, we do not consider such action alone, under the circumstances here, ground for reversal. The answer was not demurrable. The matter sought to be reached by motion was irrelevant, sham and frivolous, in that it did not state a defense, the gist of the allegations being that appellant was too ill to enter into the contract he did sign, but in sufficient health to make a different contract for the sale of sheep. This defect in the answer was properly reached by motion under C. S., sec. 6708. (*Goldstein v. Krause,* 2 Ida. 294, 13 Pac. 232; *Cowen v. Harrington,* 5 Ida. 329, 48 Pac. 1059.)

The evidence shows that the United States Bank of Grand Junction, Colorado, was lending respondent the money with which to purchase the sheep described in the contract, and which were required for use upon respondent's range near

Grand Junction. When the contract was signed, E. D. Blodgett, president of said bank, signed a check on said bank for $3,500, the amount of the down payment agreed upon, which was delivered to appellant. Thereafter, under date of April 30, 1927, counsel for appellant wrote a letter addressed to both respondent and Blodgett, saying that he represented Mr. Jones, and that—

"You are hereby notified that a certain purported contract, dated the 9th day of April, 1927, between W. H. Jones and J. H. Brown will not be considered as binding upon Mr. Jones, and the property therein mentioned will not be delivered by him.

"We return to Mr. Blodgett in registered mail a check in the sum of $3500.00, dated 4–9–1927, upon the U. S. Bank of Grand Junction, Colorado, signed by Mr. Blodgett."

Under date of May 6, 1927, respondent Brown and E. D. Blodgett wrote appellant's counsel as follows:

"Your letter of April 30, 1927, addressed to the undersigned, received. The duplicate of said letter, enclosing the check for $3,500, dated April 9, 1927, given by E. D. Blodgett to W. H. Jones, was also received.

"You state that you represent, as attorney, W. H. Jones and that W. H. Jones will not perform his part of the contract dated April 9, 1927, and will not deliver the property therein required of him to be delivered. You are hereby notified that we shall treat the repudiation of the contract by W. H. Jones and his refusal to deliver as a wrongful putting an end to the said contract, and that we will hold him liable for the damages which we suffer because of the breach by Mr. Jones of said contract, and if necessary, will sue him to recover such damages."

Respondent saw appellant in Idaho on June 1, 1927, and asked him why he would not deliver the sheep, and the latter replied, "You knew that I asked seventeen dollars for these sheep to begin with, and if you want to raise the ante I will make delivery on the sheep." Appellant did not deny the testimony of respondent, and offered no testimony as to

the value of the sheep on the dates of delivery. The testimony disclosed that Blodgett had no interest in the contract.

Defendant testified that the sheep contracted for were in very poor condition on June 1, 1927, and, on being asked what caused it, replied, "Wood ticks is what we attributed it to, and the general poor condition of the range." This last answer was stricken on motion of plaintiff. Defendant was not further permitted to testify as to the condition of these sheep. This was not error. Appellant had contracted to deliver certain merchantable sheep of a specified kind. He had given notice that he rescinded the contract, and refused to make delivery of any sheep under his contract. It was no defense that these particular sheep, at the time of the intended delivery, were not in good condition.

The record shows that there was no market for sheep of this character, that is, pairs (ewes and lambs), at the time and place of delivery. Plaintiff was permitted to show the condition of the sheep at about the date of the contract, and what the lambs weighed in August, 1927, by a witness who saw them at both times, thereby laying the foundation for testimony as to the probable value of the sheep at the dates they were to be delivered, and so fix respondent's damages as the loss directly and naturally resulting from appellant's breach of the contract. We think there was no prejudicial error in the court's rulings on the admission of evidence, assigned as error.

Error is assigned to the effect that the evidence is insufficient to support the verdict and judgment. It is contended that the trial judge instructed the jury to base their verdict upon the market value of the sheep as of the date of delivery specified in the contract, while the evidence shows there was no market value at such times and places. As will hereinafter appear, he did so instruct the jury, but also instructed them in the language of the statute, in effect, that if there was no market value, the measure of damages is the loss directly and naturally resulting in the ordinary course

of events from the seller's breach of contract. Appellant contends that there was no proof of damage so resulting.

Respondent, whose business had been that of a sheep raiser and wool grower for at least ten years, without objection testified that the fair and reasonable cash value of the sheep and lambs covered by this contract, at Arco or Pioneer on June 1, 1927, was $19.50 per pair; that it would be slightly more on June 10th than June 1st, about twenty-five cents more per pair. On cross-examination he stated that he knew the values testified to because he saw plenty of other sheep, and knew what these would develop into; based his statement of market value on the condition these sheep, or sheep of like kind and age, ought to have been in. He stated that he established market value by what other buyers were buying at St. Anthony, Blackfoot, Twin Falls, and other towns over the country. Four expert witnesses, who saw these sheep in April, 1927, testified in effect that these sheep, or others of like kind and character, would have increased in value from $2.50 to $3 per pair between the date of the contract and the delivery dates mentioned, at the places of delivery. We think the evidence on the question of damages, under the instructions, sufficient to sustain the verdict. (See *Blackfoot City Bank v. Clements,* 39 Ida. 194, 226 Pac. 1079; *Burlington & M. R. R. v. Campbell,* 14 Colo. App. 141, 59 Pac. 424 (426).)

██ It is urged that the contract itself provided the measure of damages to be the difference between the purchase price and the market value at the time and place of delivery. A clause in the contract reads as follows:

"It is further agreed that in case the party of the first part shall fail to deliver the full number of ............... at the time and place and in the manner above specified, that party of the second part shall be entitled to the market value of said .............. at time and place of delivery as stipulated damages, and may retain same out of the balance of the money due the party of the first part (Jones) under this contract."

An inspection of the contract shows that the blank places referring to these sheep were not only not filled in, but a line was drawn through them. The inference is unmistakable that the parties knew the situation as to markets and intended to eliminate this provision. (See 13 C. J., p. 308, sec. 133; *Hall v. American Employers' Liability Ins. Co.,* 96 Ga. 413, 23 S. E. 310; *Merritt v. Yates,* 71 Ill. 636, 23 Am. Rep. 128; *Ames Portable Silo & Lbr. Co. v. Worrall,* (Tex. Civ. App.) 194 S. W. 480.)

■■ It is likewise contended that the contract was too indefinite and uncertain for enforcement in that it provided that the sheep were to be delivered either at Arco or Pioneer, on the 1st and 10th of June, 1927, at the buyer's option. Appellant contends that he placed the buyer *in statu quo ante,* and therefore entitled to rescind his contract. The evidence shows that he returned the buyer's check, but did not return the amount ($240) paid Stewart as commission. But conceding there was an absolute placing *in statu quo,* the contract was not so indefinite as to authorize appellant to rescind under those conditions. Nor was respondent required to give timely notice of his election as to the time and place of delivery, appellant having repudiated the contract in its entirety and refused to be bound by it. (35 Cyc., p. 167; *Cadick Milling Co. v. Valdosta Grocery Co.,* 72 Ind. App. 534, 126 N. E. 240; *Goldowitz v. Henry Kupfer & Co.,* 84 Misc. Rep. 393, 146 N. Y. Supp. 189; *McGowin Lbr. & Export Co. v. Camp Lbr. Co.,* 16 Ala. App. 283, 77 So. 433.)

■■ Objection is made to an instruction given by the court. The jury were previously instructed that appellant had adduced no evidence to rebut the evidence adduced by the plaintiff, except as to the market value of the sheep mentioned in the complaint and contract. The court then told the jury:

"You are therefore instructed that under the evidence in this case it is your duty to find for the plaintiff and to assess plaintiff's damages, if any, as instructed elsewhere herein. In no event, however, can you allow more than

$12,000 as such damages, the same being the amount prayed for in the plaintiff's second amended complaint.''

The quoted instruction is attacked as entirely too peremptory. Appellant contends that the evidence shows there was no market value for these sheep on either June 1st or June 10th, at Arco or Pioneer, Idaho, and that the court told the jury to ascertain plaintiff's damages based on the market value as of those dates. In a later instruction, the court instructed the jury in the language of the statute (C. S., sec. 5739) that—

"1. Where the property in the goods has not passed to the buyer, and the seller wrongfully neglects or refuses to deliver the goods, the buyer may maintain an action against the seller for damages for nondelivery.

"2. The measure of damages is the loss directly and naturally resulting in the ordinary course of events, from the seller's breach of contract.

"3. Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver."

The court then instructed the jury as follows:

"You are further instructed, gentlemen of the jury, that the contract set forth in plaintiff's complaint and admitted in evidence, provides for delivery at either of two points, at the option of the buyer. You are instructed that in assessing damages in this case it is your duty to base the damages on the market value of the sheep in question, at the place where the market value was the lowest, either at Arco, Idaho, or Pioneer, Idaho, the places provided in said contract for delivery of the personal property in question, at the times when such delivery was to be made."

Appellant offered no valid excuse for his attempted rescission of the contract and failure to deliver the sheep thereunder. The court did not err in instructing the jury to find

for respondent upon all the issues except the value of the sheep. Whether there was any sufficient evidence of market value on the delivery dates, or none, the court nevertheless properly instructed the jury on the question of damages. If there was no market value, respondent was still entitled to recover his damages, if any, as provided in C. S., sec. 5739, subd. 2. We think the jury were sufficiently instructed on this point, under the evidence, in the light of all the instructions given.

We find no substantial error in the record. Judgment affirmed. Costs to respondent.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.