### HARRIS v. MAXON et al.
### No. 4091.

Court of Civil Appeals of Texas. Texarkana.
Dec. 4, 1931.

Rehearing Denied Dec. 10, 1931.

B. F. Bolin, Dan Doyle, R. C. Armstrong, Jr., and Harris & Harris, all of Fort Worth, for appellant.

W. S. Margowski and R. T. Thornton, both of Fort Worth, for appellees.

SELLERS, J.

In August, 1922, M. B. Harris, a widower with children, married Mrs. Eva Cooke, a widow who had no children but had practically reared a niece, Mrs. Marjorie Maxon, and also a daughter of Mrs. Maxon, who is Mrs. Roberta Brian. On the date of the marriage each party was possessed of a separate estate consisting of both real and personal property. On said date the bank account of Mrs. Cooke showed a balance of $174.95. This account was changed on the books of the bank from the name of Mrs. Eva Cooke to that of Mrs. M. B. Harris. She had some real estate from which she collected rents. The evidence is conflicting as to how much personal property she owned at the date of marriage, but admittedly the value of her personal property was not less than $5,000 or $6,000, invested mostly in notes. This bank account was continued up until the death of Mrs. Harris in January, 1929. Numerous deposits were made to this account by Mrs. Harris. No attempt is made to trace the source of these various deposits. However, M. B. Harris testified that such deposits were, in the most part, the rents from her separate property, and some from rents from his separate property which she collected. Mrs. Maxon testified that she knew that Mrs. Harris never collected any rents from any of M. B. Harris' separate property. This bank account was subject only to Mrs. M. B. Harris' check.

During the time they were married, M. B. Harris would, from time to time, borrow money from Mrs. Harris to improve his separate estate, and she would issue him a check on her bank account and mark the check "Loan" or "L." Sometimes, according to his testimony, Mrs. Harris would issue him checks marked "Loan" on her account, and, when he finished the work at hand, he would give her his note to cover the amount of the check so issued.

Some time after their marriage M. B. Harris executed a note for $2,000 to Mrs. Johanna Knittle, and at the same time executed a deed of trust to secure the note on a piece of his separate property known as the South Main street property. It is claimed by Harris that the proceeds from this note were used to buy necessaries for the family. Mrs. M. B. Harris purchased this note and took a transfer of the note and lien in her name. The deed of trust was later renewed by M. B. Harris to Mrs. M. B. Harris.

Mrs. Harris wrote her own will, using a

form prepared for her by M. B. Harris at her request. After the death of Mrs. Harris, Mr. Harris, accompanied by Mrs. Marjorie Maxon, went to the bank where Mrs. Harris kept her papers, and there found her will, which gave all of her estate to Mrs. Marjorie Maxon and her daughter, except $500, which was given to a sister-in-law, Mrs. Margueritte McCormick. The will also provided that M. B. Harris should be independent executor of the will. Mr. Harris waived this right to be executor of the will in favor of Mrs. Maxon, and she qualified as administratrix. Mr. Harris assisted in preparing and signed the following instrument marked Exhibit D:

"List of Property of Mrs. M. B. Harris, Deceased.

"Real Estate.

"Lot 7 Block 21 Jennings S. Ad. Ft. Worth valued at ·

"Lot 5 Block 7 Forest Park Place

"Lot 2 Block 26 Sipe Springs, Tex.

"Lot 51 Blk 10 Sec E Burial Lot

"Personal Property.

"1 note $1000.00 Ft. Worth Land Co., John C. Ryan, Pres. dated July 16th, 1924, due July 16th, 1925, 8%. (In pencil—Paid March 30, 1929)

"1 note $2000.00 M. B. Harris due 4 years, dated April 16, '23. Secured 815 S. Main.

"1 note $2500.00 D. M. Doyle, Eleta Doyle, Indorsed Chester F. Harris. Secured by D of T lots 1 to 7 E: half of 8 Blk 5 4 Filing C Arl. Hts Add. Due 3 yrs after date (In pencil—pd. due November 8, 1929, think O. K.)

"1 note $200.00 M. B. Harris dated July 18th 27 due 1 yr int. 8% from date.

"1 note $300.00 M. B. Harris dated Dec. 19th, 1927, due 1 yr interest 8% from date. (In pencil—canceled April 17, 1929 for furniture)

"M. B. Harris, Jr. personal notes (2)

"1 Nash Auto, Touring

"1 Radio, Dining Table, Victrola, 1 desk

"Cash as shown by bank statement.

"The above list of properties were found in the box of Mrs. M. B. Harris, including the will, opened in the office of Hon. M. B. Harris on the 19th day of Jan. 1929, in the presence of Marjorie Maxon, M. B. Harris, Sr., M. B. Harris, Jr., and John M. Tipps.

"[Signed] M. B. Harris
        "John Tipps
        "Mrs. Marjorie Maxon."

The executrix collected all of the above notes, including the two small notes of M. B. Harris, except his $2,000 note. There was evidence that he admitted his liability upon the $2,000 note and asked for time in which to make his arrangements to pay same.

About eleven months after the death of Mrs. Harris, and at the time when Mrs. Maxon had collected all of the notes except the $2,000 note, M. B. Harris filed suit in trespass to try title to cancel this $2,000 note and the deed of trust lien securing the same. Mrs. Maxon and Mrs. Brian answered in this suit, setting up the legality of the note, and at the same time filed·a separate suit against. M. B. Harris, alleging an indebtedness against him to Mrs. Harris' estate of $2,537; same being the aggregate of various and sundry small advancements made to him by Mrs. Harris, as evidenced by the canceled checks to him marked "L" or "Loan." These two suits were consolidated, and in the consolidated suit Mrs. Marjorie Maxon and Mrs. Brian were plaintiffs, and M. B. Harris was defendant. In this suit, by amended pleadings filed in October, 1930, M. B. Harris alleged that lot 5, block 7, Forest Park place, and all the personal property shown by the above Exhibit D, was community property of defendant and his deceased wife. He further alleged that he had paid Mrs. Harris all sums advanced to him as evidenced by the checks marked "L," and, further, that the bank account kept by Mrs. Harris was a community account and kept in her name for convenience in order to keep the community funds separate from the separate funds of each of them. The issues as deemed by the court made by the evidence were submitted to the jury, and as answered were to the effect ·that M. B. Harris gave to Mrs. Harris his interest in the bank account, notes, and other articles of personal property, and also lot 5, block 7, Forest Park place. The jury also found that M. B. Harris was indebted to Mrs. Harris on the advancements to him at her death in the sum of $1,615. Upon the finding of the jury, the court entered judgment for the plaintiffs for the amount of the $2,000 note, with interest and attorney's fees, together with the foreclosure of the liens securing the same, and for the sum of $1,615, being the amount due on the advancements, and decreed the other property to be the separate property ·of Mrs. M. B. Harris, deceased, by gift from M. B. Harris. To this judgment the defendant excepted, and has duly prosecuted this appeal.

There are many assignments of error in the record, but we think they may be treated as only raising the questions as to whether the pleadings and evidence are sufficient to support the judgment entered.

The pleadings of.appellee with reference to a gift of the property involved are deemed sufficient to support the judgment. ·

In the beginning, we wish it understood that we are thoroughly cognizant of the rule announced in article 4619 of the Revised Civil Statutes of 1925, as amended by Acts 40th Leg. (1927), c. 148 (Vernon's Ann. Civ. St. art. 4619), to the effect that all property, both real and personal, found in the possession of either spouse on the dissolution of marriage, is presumed to be community property, and that, before the judgment in this case should

be permitted to stand, we should be able to point to evidence deemed sufficient in our opinion to overcome this presumption.

■ The fact that Mrs. M. B. Harris carried the bank account in her name subject only to her check, loaning money from this account to various ones, taking their notes for same in her name, the loaning of money to appellant from this account and taking his note, the acknowledgment by appellant that she exercised entire control over the account with his consent, checking on it whenever and for whatever she saw fit, the notes and deeds to the real estate purchased with the funds being kept in a safety deposit box in her name, and the further fact that the account, as kept, was but a continuation of the account which she kept with the bank before her marriage, and the further fact that she had several thousand dollars worth of notes when she married appellant, from which said account could have been replenished from time to time, are circumstances, when taken in connection with acts of appellant after the death of Mrs. Harris, in waiving his right to be executor under the will, and immediately after the death of Mrs. Harris turning over the property involved herein to Mrs. Maxon as executrix with the statement as shown by Exhibit D above that such property belonged to Mrs. Harris, deceased, and the further fact that he paid Mrs. Maxon the two small notes given by him to Mrs. Harris and asked for time in which to pay the $2,000 note, making no claim to any one for several months after the probation of the will that said property, or any part of it, was community property, should, in our opinion, be deemed as between the parties amply sufficient to support the finding of the jury that appellant had given Mrs. Harris, deceased, whatever interest he might have had in the property involved.

The fact that every case involving the sufficiency of evidence is governed by its own peculiar facts makes it difficult to support our conclusions with authority, but the case of Baldridge v. Scott et al., 48 Tex. 178, by the Supreme Court, is cited as at least tending to support the conclusions reached.

■ Although what has been said may be treated as applying to the real estate as well as personal property, there is other evidence in connection with the acquiring of the real estate involved known as lot 5, block 7, Forest Park place property; this property was acquired after the marriage of M. B. Harris to Mrs. Harris, deceased. The deed was taken in her name. The presumption as to subsequent purchasers would be that it was community property, but, notwithstanding such property might have been paid for with community funds, as between the appellant and appellees, such a deed may, in the absence of other rebutting circumstances and facts, be sufficient to show that it was intended by appellant to make it the separate property of Mrs. Harris, deceased. Richards v. Hartley (Tex. Civ. App.) 194 S. W. 480. But in this deed to Mrs. Harris we find this recital: "* * * Sell and convey unto the said Mrs. Eva Cooke Harris as her sole and separate estate paid and to be paid out of her separate funds and for the use and benefit of herself and her separate estate and benefit." This recital is deemed sufficient to disprove the presumption that it is community property. Markum v. Markum (Tex. Civ. App.) 273 S. W. 296.

The jury found that appellant was indebted to Mrs. Harris at her death in the sum of $1,615. Appellant does not deny that he received the money from Mrs. Harris and used it in repairing his separate property, but claims that he repaid her all amounts advanced to him. Appellant's testimony in this respect was not conclusive, and the jury was authorized under the facts to find as they did.

We have carefully considered all of appellant's assignments, and are unable to find any error in the trial of the case that would authorize a reversal of the judgment.

The judgment is affirmed.