SWEETWATER LUMBER CO. v. HAMNER.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 6, 1913.)

CONTRACTS (§ 335*) — BUILDING CONTRACT— MATERIALMAN — ACTION AGAINST OWNER— ASSIGNMENT.

　　Where a petition by a materialman against an owner for materials furnished to the contractor for the building alleged that the contractor was indebted to plaintiff on account of

materials furnished for the building in a greater sum than $500, and was still so indebted; that the contractor, to secure payment to plaintiff therefor, gave it an order on defendant to pay plaintiff $500; that plaintiff delivered the assignment to defendant, who accepted the order and promised to pay it out of the sums owing by him to defendant as they became due under the contract; that the contract has been performed, and the work completed, and the indebtedness of the contractor for materials has been paid, except the debt sued on, etc.—the petition was not fatally defective because it failed to allege that the contractor had furnished receipts for material used in the construction of the building, as required by the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

Appeal from Nolan County Court; John H. Cochran, Jr., Judge.

Action by the Sweetwater Lumber Company against Ed. J. Hamner. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

J. F. Eidson and Crane & Bondies, all of Sweetwater, for appellant. Ellis Douthit and Geo. T. Wilson, both of Sweetwater, for appellee.

CONNER, C. J. The appellant company instituted this suit against appellee, and as the basis of recovery sought presented a petition, which, omitting formal parts, reads as follows:

"That heretofore, to wit, on or about September 19, 1911, Hugh Martin, a contractor and builder, was engaged in the erection and construction in Sweetwater, Texas, of a home building for the defendant herein under a contract, the nature and terms of which are well known to the defendant, he being a party thereto, but unknown to these plaintiffs, except so far as herein stated. That at the time named said Hugh Martin was indebted to plaintiffs for and on account of materials furnished for and used in the construction of said home in a sum greater than $500, and is still so indebted. That at the time named the defendant herein was indebted to said Martin for and on account of labor done and performed in the construction of said home in the sum of $263.65 and more, to the completion of said work upon his said home, plus $1,041 and more, due him when receipts for the materials used thereupon were obtained. That, in order to secure the payment to plaintiffs of the amount so owing to them as aforesaid, said Martin gave to plaintiffs an order upon the defendant requesting and requiring him to pay to plaintiffs said sum of $500. That plaintiffs presented and delivered said order and assignment to defendant on or about September 19, 1911. That on the date last named defendant accepted said order and assignment by his certain letter in writing, and promised therein to pay said sum to these plaintiffs out of the sums aforesaid owing by him to defendant as and when they became due and pay-

able under the conditions stated aforesaid. That said conditions have been met, in that said work has been completed, and the indebtedness of said Martin for and on account of materials has been paid off and satisfied, except the debt sued upon herein. Plaintiffs say further, if they are mistaken in saying that all indebtedness of said Martin for materials has been paid (which they do not admit, but insist that the same has been paid), that such fact does not constitute reason why the defendant should not pay them herein, for that the debt sued upon is on account of such materials furnished and used in said home building.

"(2) They say that on or about the date of the contract sued upon the defendant, vi et armis, drove the said Hugh Martin, his agent and employés, away from and off the works and improvements being carried forward on his said homestead, and has ever since refused to permit the said Hugh Martin, his agents or employés, to conduct said work. That at such time there was due and owing to the said Hugh Martin under his contract with defendant herein the sum of $1,304.65. That said work was practically if not entirely completed. That, to carry said work to completion, and to pay off debts for materials, etc., owing by said Hugh Martin on account of said work, there was necessary to be expended about the sum of $804.65. That there was therefore then due and owing said Hugh Martin on account of said work the sum of $500.

"(3) That the defendant is accordingly liable and bound to pay these plaintiffs said sum of $500; but, though often thereunto requested, he has hitherto wholly failed and refused, and still fails and refuses, to pay the same or any part thereof, to plaintiff's damage in the sum of $600.

"(4) Wherefore, plaintiffs sue, and pray that defendant be cited to appear and answer herein, and that upon hearing hereof they have judgment for their said damage, with interest and costs of suit, and for such other and further relief as they may be entitled to."

The court erred, we think, in sustaining appellee's general demurrer to the petition. Indulging in its favor all reasonable intendments, as is the rule when challenged by general demurrer, the petition sufficiently charges appellee with an indebtedness which he promised, in writing, to pay to appellant. If the contract between appellee and Martin be subject to conditions which will defeat the alleged indebtedness to Martin, the matter is defensive in character, and lies particularly within the knowledge of appellee. The mere failure of Martin to obtain and furnish receipts for material used in the construction of appellee's building would not defeat the indebtedness to Martin, if such indebtedness actually existed as alleged, and

the failure of the petition to aver that such receipts were obtained does not, in view of all the allegations, render the petition fatally defective.

The court also sustained several special exceptions; but we will not discuss them. It is to be presumed, we think, that appellant would have corrected by amendment any formal omission or defect in his petition called for by a special exception had the court overruled the general demurrer. It certainly would be useless to so attempt after the court had ruled that the petition was wholly bad on the general exception.

It is ordered that the judgment be reversed, and the cause remanded.