WARD CATTLE & PASTURE CO. v. FORD.
(No. 5458.)

(Court of Civil Appeals of Texas. San Antonio. April 14, 1915.)

1. PLEADING ⊕⇒129—ALLEGATION—FAILURE TO TRAVERSE—ADMISSION.

In an action for work and materials performed and furnished on a certain house, where the petition's allegation that the work was done on a house owned by defendant was not denied, it admitted ownership.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. ⊕⇒129.]

2. APPEAL AND ERROR ⊕⇒173—ADMISSION OF EVIDENCE.

In an action for the value of work and materials, performed and furnished on a house. alleged to belong to defendant, where defendant's pleadings did not deny its ownership, but the court improperly permitted the introduction of evidence in denial, defendant could not complain that the jury disregarded its evidence on the point.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. ⊕⇒173.]

Appeal from Matagorda County Court; W. S. Holman, Judge.

Action by E. L. Ford against the Ward Cattle & Pasture Company. Judgment for plaintiff, and defendant appeals. Affirmed..

Krause & Wilson, of Bay City, for appellant. James C. Perry, of Palacios, and J. W. Conger, of Bay City, for appellee.

FLY, C. J. This is a suit brought by appellee against appellant to recover $622.71, for labor performed and material furnished on a certain house belonging to appellant. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $622.71.

---

[1] That the work was done and the material furnished by appellee is not denied, and the only defense seems to be that the corporation did not authorize the work to be done or the material furnished. The evidence is ample to sustain a finding that the work not only was done at the request of appellant, but that it got full benefit of the same. The stock of the corporation was owned by Mrs. B. Q. Ward and her son R. E. Ward, and another son and a daughter. Mrs. Ward made the contract with appellee in the name and in the interest of the corporation, and it was afterwards ratified by the other stockholders, and especially R. E. Ward, the president. The latter, as well as his mother and sister, were present when the work was done, and he said whatever his mother and sister wanted done was all right. After the work was done and the bill presented to appellant, it wrote a letter admitting that the work was done at its ranch and that it would pay the same as soon as approved by Mrs. Ward. It was alleged in the petition that the work was done in a house owned by appellant, and that allegation was not denied by appellant, which amounted to an admission that it did own the house.

[2] There was no basis for the introduction of any testimony tending to show that the ranch on which the work was done belonged to Mrs. Ward. The evidence should not have been admitted, but the court submitted the issue as to whether the work was done and material furnished on the ranch of appellant, and they found in the affirmative. Ownership, by the pleadings, was admitted to be in appellant. No deed was introduced to show that the ranch house was owned by Mrs. Ward. The jury was justified in rejecting the oral evidence on that subject. Appellant, in its answer, made no claim that the work and material were not furnished for its house, and the illegal evidence as to ownership was of no avail, and appellant cannot complain if the jury did not regard its evidence on the subject, although the question was improperly presented to the jury. Appellee, and not appellant, had cause to complain that the issue was presented to the jury.

The judgment is affirmed.