**SMITH & HAYSLIP v. WILCOX OIL CO.
et al. (No. 8375.)**

(Court of Civil Appeals of Texas. Galveston.
May 16, 1923. Rehearing Denied
June 7, 1923.)

1. **Contracts** ⟺143—**Should be construed as a
whole.**

A contract is to be construed as a whole.

2. **Mines and minerals** ⟺109—**Contract for
drilling well held to entitle plaintiff to an additional compensation for "drilling in."**

A contract for drilling an oil well, which provided for payment for drilling at a stated price per foot to where the casing might be set, and that when the casing was set the contract should be deemed completed, but also provided compensation for drilling in with a rotary at stipulated prices per day, when construed as a whole authorized compensation at the stipulated daily rate for drilling in after the casing was set, since "drilling in" means drilling after the casing has been set, and that provision is not nullified by the provision relating to the completion of the well.

3. **Contracts** ⟺170(1) — **Courts will follow
construction by parties.**

Courts will construe contracts as the parties by their actions have construed them.

4. **Appeal and error** ⟺171(3)—**Acquiescence
by answer in construction of contract by
plaintiff held to preclude contrary construction on appeal.**

Where the petition declared on a construction of the contract in suit as entitling plaintiff to additional compensation for drilling in the well after setting the casing, and the answer did not combat that construction, but pleaded a modification by a subsequent agreement, thereby acquiescing in the construction, defendants, after having tried the cause below solely upon the theory of modification of the original contract, cannot on appeal for the first time contend that the contract did not mean what the petition declared it to mean.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by Smith & Hayslip against the Wilcox Oil Company and others. Judgment for plaintiffs for part only of the amount claimed by them, and plaintiffs appeal. Reformed to authorize recovery for the full amount claimed, and affirmed.

Hardway and Cathey and W. H. Dunlay, all of Houston, for appellants.

Ingham S. Roberts and A. R. & W. P. Hamblen, all of Houston, for appellee.

GRAVES, J. This cause involves the proper construction of the following contract:

"This contract made and entered into on this 4th day of February, 1920, by and between Wilcox Oil Company, hereinafter called party of the first part, and Smith & Hayslip, hereinafter called party of the second part, witnesseth:

"That party of the first part desires a well drilled on a certain tract of land located as follows:

"Party of the second part agrees to furnish a rotary drilling rig complete for drilling said well, to perform said work in a thorough and workmanlike manner, to drill said well to a depth of 1,800 feet unless oil or gas is found in paying quantities at a lesser depth, to set new 6⅝ casing therein at such a depth as may be indicated by party of the first part, and to pay all expense of labor and tools for doing so.

"For and in consideration of the faithful performance of said work, party of the first part agrees to pay to party of the second part the sum of $6.50 for each and every foot for the total depth of the hole drilled as evidenced by proper measurement.

"Payments to be made as follows: $1,000.00 when rig is moved on location; $2,000.00 when said well has reached a depth of 600 feet; $2,000.00 when said well has reached a depth of 1,200 feet; balance to be paid when casing has been set or drilling discontinued at the instance of party of the first part.

"Party of the first part agrees to furnish at his own expense all casing, fuel, water and receptacles therefor with connections, also slush and reserve pits and lumber to house in derrick and boiler.

"In the event of delay on the part of party of the first part in furnishing any of the accessories mentioned in the foregoing paragraphs, such as to delay drilling operations, then party of the first part agrees to pay to party of the second part the sum of $100.00 per day or fractional part thereof for the first seven days of delay and $150.00 per day, or fractional part thereof for all the delay over seven days.

"If well is drilled in with rotary such time as is used shall figure as delay time.

"When casing is set in said well, then this contract shall be deemed complete and payment due for any balance thereon. If casing is not set and drilling is discontinued as such approximate depth of 1,800 feet, then balance for drilling shall be due and payable."

Appellants brought the suit as plaintiffs, claiming that they had, after the casing was set, "drilled in with a rotary" an oil well

for the appellees, pursuant to the terms of this instrument, using 17 days' time in the process, and that they were accordingly entitled to $100 per day for the first 7 days and $150 per day for the remaining 10 days or a total of $2,200 for the work; that they had hauled some pipe for and furnished certain articles in connection therewith to appellees, of the reasonable value of $82.75, for which they agreed to pay, making the aggregate sum for which they asked judgment against appellees $2,282.75.

There were several answers filed by different ones of the original defendants, mostly as to matters inter sese, but what was set up by the appellee Wilcox Oil Company and adopted by some of its codefendants below embodies the only substantive defense presented against the cause of action of the plaintiffs. After a general demurrer and a general denial, it alleged that appellants agreed, provided appellee would permit them to set the casing at 1,650 feet, if oil was not found at that depth, to pull the casing at their own expense and continue drilling as far as necessary at the rate of $6.50 per foot; that it did so agree, and the casing was set at 1,650 feet, but appellants breached their agreement to pull the casing. which consequently became a loss to appellee, and it was damaged thereby in the sum of $3,300; that appellants only drilled after the casing was set at 1,650 feet an additional 110 feet, which at $6.50 a foot entitled them to $715, and this deducted from the $3,300 of damage done to appellee left a balance in its favor of $2,585, for which it asked judgment in cross-action against appellants.

Upon the trial before a jury at the conclusion of the evidence for both parties, the court, over appellants' objection, peremptorily instructed a verdict for appellants against appellees in the sum of $1,055.75, and against appellees on their cross-action. The jury having so found, judgment was duly entered on the verdict.

The appellants complain here, insisting that under the uncontroverted evidence they were entitled to a recovery for the entire $2,282.75 they sued for.

The appellees have assigned no error upon the elimination of their cross-action, and both sides in their briefs concede that the sole question upon the appeal is whether or not the contract was correctly interpreted and applied to the evidence.

The controlling facts were undisputed: Appellants drilled a well for oil under the contract and were paid the stipulated $6.50 per foot for the first 1,650 feet; at that depth the casing was set by mutual agreement, and appellants continued drilling with a rotary rig a greater depth, "feeling their way, trying to drill into the oil sand," as their operatives termed it, using 17 days' time in this additional work.

Their averments as to the small items totaling $82.75 were also supported and shown to be true.

Applying the terms of the contract to this situation, we think appellants' contention correct, and that they were entitled to the amount they claimed.

[1, 2] When the contract is construed as a whole, which is the long-accepted rule (13 Corpus Juris, 525, 527), we do not think the provision, "When casing is set in said well, then this contract shall be deemed completed and payment due for any balance thereof, * * *" controls or nullifies the effect of the preceding paragraph fixing the compensation for "drilling in with a rotary" at $100 per day for the first seven days and $150 per day for subsequent time, but that both should be considered together—along with all others—and each given effect in getting at the composite intention of the parties to the agreement, when that is done, it becomes plain that they meant to fix two different stages in the process and two different bases of compensation for drilling the well, that is, $6.50 per foot to where the casing might be set, and $100 and $150 per day, respectively, according as the time so used should or should not exceed seven days, for the additional "drilling in with a rotary," and that at the finishing of each stage completion and payment pro tanto was to be regarded as made and due. The other view that the setting of the casing was meant to mark the completion of the entire work negatives any purpose of the parties to go below that depth at all; whereas, the contract as a whole unmistakably shows that additional boring, or a "drilling in," beyond that incident in the enterprise, was mutually contemplated and undertaken to be provided for; the uncontroverted testimony here was that "drilling in" means drilling on down after the casing has been set into the oil sand, or in the search for it, not the operation before that time, and when it was expressly stipulated that this part of the work should "figure as delay time," the conclusion plainly follows that it was mutually intended to be paid for as such.

[3] In the circumstances here presented another cardinal principle in the construction of contracts becomes applicable: As the parties by their actions construe their contract, so will the courts construe it. Borden v. Patterson, 51 Tex. Civ. App. 173, 111 S. W. 185; Knox County v. Bank, 147 U. S. 99, 13 Sup. Ct. 267, 37 L. Ed. 93; Michigan Company v. Taber, 141 Fed. 333, 72 C. C. A. 480.

[4] In declaring upon the contract in this suit appellants interpreted the agreement as entitling them to the $6.50 per foot down to the setting of the casing and the per diem basis of $100 and $150 thereafter, and the appellees by their answers did not combat that construction, but in effect by way of

confession and avoidance pleaded that the contract in that respect had been superseded and modified by a subsequent agreement whereby appellants had undertaken to continue the drilling operations after the setting of the casing at a rate of $6.50 per foot; no evidence being introduced, however, to establish it. Thus by their conduct they plainly indicated that they placed the same construction on the written contract that appellants did, or to say the least of it, they will now be held to have acquiesced therein. In other words, they tried the cause below, solely upon the theory that the original contract had been superseded by this alleged subsequent modification which they failed to prove, and hence cannot on appeal assume an inconsistent attitude and for the first time defend upon the ground that it did not in the first instance mean what appellants asserted in so haling them into court. Gulf Refining Co. v. Bonin (Tex. Civ. App.) 242 S. W. 779; Texas, etc., R. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075; 3 Corpus Juris, 718–721; and authorities cited.

It is not deemed essential that discussion be indulged in of other matters referred to in the briefs; what has been said disposes of the merits of the appeal. It is apparent that in our opinion the trial court erred in not directing a recovery in appellants' favor for the $2,282.75 they sued for; the judgment has been so reformed as to substitute that sum for the $1,055.75 allowed, and as so reformed has been in all things affirmed.

Reformed and affirmed.