### GRIFFIN et ux. v. SHAMBURGER et al. (No. 2317.)

(Court of Civil Appeals of Texas. Amarillo. April 23, 1924.)

**1. Mechanics' liens ⊙=73(2)—Contract held to contain all essentials necessary to create lien.**

A contract to furnish materials and construct house *held* to contain all essentials necessary to create a valid mechanic's lien, even upon a homestead.

**2. Alteration of instruments ⊙=11(2)—Change in interest rate made by auditor held immaterial.**

Change in interest rate in note was not material where made by auditor without authority to either make or change contracts, and without knowledge or consent of parties.

**3. Appeal and error ⊙=930(3)—Presumed in support of judgment that court reformed a note or found alteration immaterial.**

In action on note claimed by defendant to have been altered, in absence of finding by jury upon issue of material alteration, it must be presumed in support of judgment for plaintiff that court either reformed note or found that alteration did not invalidate it.

**4. Contracts ⊙=163 — Typewritten portions prevail over printed portions.**

Where there is ambiguity because of apparent inconsistencies between typewritten portions and printed portions of contract, typewritten words will control.

**5. Mechanics' liens ⊙=73(4)—Contract held not to require materialman to build house.**

A contract for mechanics' lien drawn on a blank form *held* not to require materialman to build house upon premises, but only to supply material; blanks in part of form relating to building house not being filled in.

**6. Mechanics' liens ⊙=73(1)—Practical construction binds court.**

Where mechanics' lien contract was ambiguous as regarded question whether materialman was to construct house, acceptance of materials by landowner and construction of building by him was such a practical construction by parties as binds court in its interpretation.

**7. Contracts ⊙=335(2)—Sufficient for plaintiff to allege general compliance.**

It is sufficient to allege general compliance without alleging in detail performance of acts required to be done.

**8. Contracts ⊙=333(5), 338(1)—Parties must declare specifically upon particular terms relied on.**

Where contract is made an exhibit to pleadings, it is incumbent upon plaintiff to declare specifically only upon particular terms upon which his cause of action is based, and same rule applies to stipulations relied upon by defendant as defense.

**9. Appeal and error ⊙=171(1), 173(1)—Case not reviewed upon theory different from that on which case tried below.**

A case will not be reviewed upon theory different from that on which tried below, and defenses not urged below cannot be considered.

**10. Appeal and error ⊙=204(1)—Objections to evidence first raised on appeal not considered.**

Objections to evidence first raised on appeal are not considered.

**11. Contracts ⊙=28(3)—Individual held entitled to recover under contract executed in name of company.**

Recital in contract that Mrs. S. was sole owner of F. L. Company is sufficient evidence upon that point, and judgment was properly entered in her behalf in absence of allegation that company appearing as party in contract was a corporation, or that she was not entitled to recover and in absence of answer verified as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1906, setting some such matter up as defense.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by Mrs C. D. Shamburger and others against W. O. Griffin and wife. Judgment for plaintiffs, and defendants appeal. Affirmed.

Orus O. Ross and W. H. Sanford, both of Wichita Falls, for appellants.

Mathis & Caldwell and Jos. H. Aynesworth, all of Wichita Falls, for appellees.

HALL, C. J. On the 8th day of December, 1920, Griffin and wife, Mrs. Addie Griffin, executed a "mechanic's lien note" in the sum of $650, payable to the Factory Lumber Company 16 months after date, reciting that it was given in part payment for the construction of certain improvements upon a described lot in Wichita Falls. On the same day they executed a "mechanic's and materialman's lien" upon the same property described in the note, for the purpose of securing the payment of the latter. In preparing the note and lien printed forms were used, the originals of which are sent up with the

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

record. In the lien contract the party of the second part is described as "Factory Lumber Company, Mrs. C. D. Shamburger, sole owner." The contract recites that the party of the second part agrees "to furnish all the lumber and materials for and to construct, erect and complete upon the lands and premises hereinafter described, in a good, workmanlike manner, and in accordance with the plans and specifications agreed upon between the parties, * * * the following improvements, to wit, five-room frame house, with bath"—the description of the improvements being written in the blank contract with typewriter. Immediately following this stipulation we find this paragraph:

"Said part—— of the second part agree —— to complete said improvements within —— days from the date hereof, unavoidable accident alone excepted, a reasonable allowance however to be made in case of bad weather and to pay to the said parties of the first part the sum of $——,—— dollars, per day for each and every day's delay thereafter, as assessed or liquidated damages."

The contract describes the note as bearing interest at a rate of 8 per centum per annum from date. From an inspection of the original it appears that the rate of interest had originally been written at 10 per cent. The figures 1 and 0 have been partially erased and the figure 8 written over the naught. The figure 1 still appears dimly in the contract, but the figure 8 is more distinct than any of the other typewritten matter in the blank. Printed in the contract in several other places, "the construction of the improvements," and "the completion of said improvements," and equivalent statements appear. "10" appears in the blank space in the note as the rate of interest, written in ink, and the 0 shows to have been written over the 8, which appears to have been made with the typewriter. These details are material in view of certain contentions made by appellant, which will be hereinafter discussed. Plaintiff's first amended original petition, upon which the case was tried, contains this allegation:

"Comes now Mrs. C. D. Shamburger, joined herein pro forma by her husband, C. D. Shamburger, and complaining of W. O. Griffin and his wife," etc.

Plaintiff further alleged that Mrs. Shamburger was on the 8th day of December, 1920, doing business under the name of Factory Lumber Company, and on said date entered into a contract with the defendants for a certain bill of lumber, material, and supplies, which was thereafter to be delivered to said defendants, of the then reasonable cash market value of $650; that in pursuance of said contract the lumber was delivered by Mrs. Shamburger to the defendants. The contract is attached to the pleading, and marked "Exhibit A." The note is also attached and marked "Exhibit B." The plaintiff alleges the failure of defendants to pay for the lumber and materials furnished under the contract. No reference whatever is made to that part of the contract which appellants in their brief insist bound Mrs. Shamburger to construct the building. In a second count the petition alleges that the note has been altered by having the figures 1 and 0 (or 10) placed where the figure 8 was previously written. It is further alleged that 10, as the rate, was originally written in the note; that these figures were subsequently erased, and the figure 8, as the rate of interest, was afterwards inserted. They allege that they personally know nothing of such claimed alteration of the note; that it was done without their knowledge or consent, innocently, by some employee or agent of theirs, who had no evil intent or purpose to change the contract. They pray for a reformation of the note in that particular. In the alternative they allege that under the contract, which is valid and binding, the defendants are liable to them for the full amount sued for, even if the note should be held void, and pray for judgment upon the contract.

In their amended answer Griffin and wife, after a general demurrer, numerous special exceptions, and a general denial, allege that they did execute a note of the date and containing the terms of the note described in the petition, but that the rate of interest in said note has been altered from 8 per cent. to 10 per cent.; that it is a material alteration, and, having been made without their knowledge or consent, said note is void. They admit the execution and delivery of the contract, and that the entire amount of material, with the exception of some small items, had been delivered to them. They set up some credits which they claim should have been made upon the note, aggregating $357.05. They pray that the note and mechanic's lien be declared null and void, and, in the alternative, that if plaintiff should recover they be entitled to the full amount of credits claimed by them. No reference whatever is made to that term of the contract in the printed form which they insist in their brief bound Mrs. Shamburger to construct the building. A failure to comply with that term of the contract on her part is not urged in the pleadings as a defense. By first supplemental petition plaintiff again explained the apparent alteration of the note. No reference is made in any of the pleadings to the apparent alteration of the rate of interest, as set out in the printed contract. The case was tried to a jury. Only three issues were submitted, in response to which the jury found that no part of the material described in the petition was delivered prior to the execution and delivery of the note and lien contract,

262 S.W.—10

and that the defendants did direct plaintiff to apply the $20 payment on the $650 note. Neither party asked for any additional findings. Based upon this verdict the court decreed that plaintiffs, Mrs. C. D. Shamburger and her husband, do have and recover of the defendants $601.42, and that the lien .as it existed on the 8th day of December, 1920, be foreclosed upon the property described therein.

[1] The first proposition urged is that the lien contract is so uncertain, vague, and indefinite as to be practically meaningless, and was too ambiguous to authorize a judgment fixing and foreclosing a statutory lien upon appellants' homestead. A sufficient answer to this proposition would seem to be that the appellants did not allege that the property was their .homestead, although proof to that effect seems to have been admitted without objection. We think the contract contains all the essentials necessary to create a valid lien, even upon a homestead. It was duly acknowledged in statutory form by both Griffin and his wife, and the jury found that this was done before any lumber or materials had been furnished.

[2, 3] By their second proposition they insist that the alteration of the note, being in a material particular, rendered it void. The evidence shows that the note and contract had been filled out by Mrs. Shamburger's agents, providing for 10 per cent. interest; that when Griffin and wife appeared to execute the instruments they objected to the rate of interest; that the manager of the lumber company's yard phoned Mrs. Shamburger, and it was agreed that the rate should be reduced to 8 per cent. Ten was then attempted to be erased, and the figure "8" written in the proper space with the typewriter. It further appears that some time thereafter an auditor by the name of Ragland, whom it seems C. D. Shamburger had employed to audit the books of his several lumber yards, in going over the contracts changed the rate of interest from 8 per cent. to 10 per cent. He says that he made the change; that he had no instructions to do so, and thought he was only correcting a plain typographical error. The explanation seems to have been satisfactory to appellants, as they did not request that an issue in regard to it be submitted to the jury. In the light of his explanation, we think the alteration is immaterial. He was a special agent, without any authority to either make or change contracts, and was in that sense a stranger. He made it without the knowledge or consent of either of the plaintiffs or their duly authorized business manager. Goodman v. W. S. Peck & Co. (Tex. Civ. App.) 192 S. W. 785; Rus v. Farmers' National Bank of Seely (Tex. Civ. App.) 228 S. W. 985; Skelton v Tillman (Tex. Sup.) 20 S. W. 71; Chamberlain v. Wright (Tex. Civ. App.) 35 S. W. 707. In the absence of a finding by the jury upon the issue of material alteration, we must presume in support of the judgment that the court either reformed the note or found that the alteration made under such circumstances did not invalidate it. The evidence is sufficient to support either or both such findings.

[4-8] As has been stated, the blanks in that part of the printed form upon which the contract was written, relating to a possible obligation on the part of the party of the first part to build and complete a house upon the premises within any certain time or to pay damages for failing to do so, were not filled in. It appears that Mrs. Shamburger's business manager, who is not shown to be a lawyer, had the blank partially filled when Griffin and wife came to his office to execute it. If it was not intended that in this particular contract Mrs. Shamburger should both furnish the material and construct the house, then all references thereto. should properly have been erased. This would have saved any question, but does not avoid the contract. The general rule is, with reference to contracts executed upon blank forms, that, where there is an ambiguity because of apparent inconsistencies between the written or typewritten portions on the one part and the printed instructions on the other, the written or typewritten words will control, because the written words are the immediate language and terms selected by the parties themselves as setting forth their intention, while the printed form is intended for general use without reference to particular objects and aims. Producers' Oil Co. v. Snyder (Tex. Civ. App.) 190 S. W 514. As was said in Ames Portable S. & L. Co. v. Worrall (Tex. Civ. App.) 194 S. W. 480:

"By referring to the contract, it will be seen that the provisions therein as to terms of sale were left in blank. * * * So, the terms of sale in the printed part of said contract are left blank, and therefore the reasonable conclusion is that the said blank terms have no application to the contract in question."

Moreover, the parties in the instant case have not, by their actions, construed the contract as requiring Mrs. Shamburger to build a house upon the premises. Without protest, or without requesting her to do so, Griffin accepted the materials and put up the building himself. This is such a practical construction of the contract by the parties to it as will bind courts in its interpretation. Smith & Hayslip v. Wilcox Oil Co. (Tex. Civ. App.) 253 S. W. 641. Since no reference is made in the pleadings of either party to any such a supposed obligation resting upon Mrs. Shamburger, it would be our duty to consider such defense as waived if it existed. In an action to recover upon a contract it is sufficient for plaintiff to allege a general compliance with the contract on his part without alleging

specifically and in detail the performance of every act required to be done by him. Where the contract is made an exhibit to the pleadings, it is incumbent upon plaintiff to declare specifically only upon the particular terms upon which his cause of action is based. The same rule applies to such stipulations in the contract as are relied upon by the defendant as a defense. Long v. McCauley (Tex. Sup.) 3 S. W. 689; Ramsey v. Wahl (Tex. Com. App.) 235 S. W. 838; Sweetwater Lumber Co. v. Hamner (Tex. Civ. App.) 161 S. W. 1075.

[9] The case was not tried in the lower court upon the theory that Mrs. Shamburger was to build a house. While there is a special exception in the defendants' answer to the petition, raising the question of homestead and the insufficiency of the contract to create a lien thereon, the fact of homestead was not pleaded as a defense. No such issue was submitted to the jury, and they cannot, therefore, be urged here, even though the evidence would have supported allegations to that effect. A case will not be reviewed in the appellate court upon a theory different from that on which it was tried below, and defenses which were not urged in that court cannot be considered here. Downs v. Stevenson, 56 Tex. Civ. App. 211, 119 S. W. 315; G., H. & S. A. Ry. Co. v. Walker (Tex. Civ. App.) 163 S. W. 1038; Blum v. Whitworth, 66 Tex. 350, 1 S. W. 108; Delaware Underwriters v. Brock, 109 Tex. 425, 211 S. W. 779; C., R. I. & G. Ry. Co. v. Rogers (Tex. Civ. App.) 150 S. W. 281; Bank of Garvin v. Freeman, 107 Tex. 523, 181 S. W. 187; Bay Lumber Co. v. Snelling (Tex. Civ. App.) 205 S. W. 763; Ward C. & P. Co. v. Ford (Tex. Civ. App.) 175 S. W. 784; Kistler v. Latham (Tex. Com. App.) 255 S. W. 983.

[10] No objection was made to the introduction of either the note or the contract in evidence; nor was the latter challenged by pleading or evidence because plans and specifications for the proposed building were not produced or attached thereto. This seems to be an afterthought, and cannot be urged here.

[11] The recital in the contract that Mrs. Shamburger was the sole owner of the Factory Lumber Company is sufficient evidence upon that point. It was not alleged that the Factory Lumber Company was a corporation, nor that she, joined by her husband, was not entitled to recover the amount sued for, and, in the absence of an answer verified as required by V. S. C. S. art. 1906, setting some such matter up as a defense, the judgment was properly entered in the name of and in favor of the plaintiffs.

We find no reversible error, and the judgment is affirmed.

. BOYCE, J., not sitting.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes