**FOSTER v. MAYFIELD, Sr., et al.**
**(No. 9967.)**

Court of Civil Appeals of Texas. Dallas.
June 11, 1927.

Rehearing Denied July 9, 1927.

1. **Alteration of instruments ⬉11 (2)—Change of instrument, regardless of materiality, by stranger without privity of any interested party, is "spoliation," which does not render instrument void.**

Change of instrument by stranger without privity of any interested party is a "spoliation," rather than alteration, and will not render instrument void, regardless of materiality of change.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Spoliator—Spoliation.]

2. **Alteration of instruments ⬉11 (2) — Unsolicited signing of note by stranger without knowledge of parties to note held spoliation, not affecting rights and liabilities of original parties.**

In suit on note, unsolicited gratuitous act of third party in signing note as surety before delivery of note to payee and without knowledge of other makers was a spoliation, which did not affect payee's rights or original maker's liability on note.

Appeal from Dallas County Court; Wm. M. Cramer, Judge.

Suit by G. B. Foster against J. L. Mayfield, Sr., E. D. Hughes, and another. From a judgment for plaintiff against defendant Hughes, and a judgment for defendants Mayfield and another, plaintiff appeals. Affirmed in part, and reversed and rendered in part.

A. C. Scurlock, of Dallas, for appellant.
E. B. & Calvin Muse, of Dallas, for appellees.

LOONEY, J. G. B. Foster brought this suit against J. L. Mayfield, Sr., J. F. Pruett, and E. D. Hughes, on a promissory note for $250, payable to the order of plaintiff. Defendant Hughes defaulted and defendants Mayfield and Pruett defended on the ground, among others, that the note had been materially altered without their knowledge or consent; in that, after it left their hands, defendant Hughes signed the same as a joint maker, and that the rate of interest had been changed. The court's conclusions as to the facts were substantially that the note introduced in evidence was in the same language and form as it was at the time Mayfield, as principal, and Pruett, as surety, executed the same; that, after it left their hands and before it was delivered to plaintiff, the defendant Hughes, without the knowledge or consent of either Mayfield or Pruett, also signed the note as surety; that Mayfield and Pruett did not

know when the note was signed by them that it was the intention of Hughes to sign the same, nor did they know his name was on the note when it was delivered to Foster. The court found further that Foster believed all the while, until he ascertained to the contrary on the day of trial, that Mayfield and Pruett knew of Hughes' signature on the note.

In addition to these findings, the evidence showed that Mayfield was in need of money and that Hughes undertook to procure same for him on the note in suit; that after signing the note Mayfield procured Pruett's signature as surety and delivered the note to Hughes, who, after signing it, which it seems was a voluntary and gratuitous act on his part, delivered the note to Foster. The evidence justifies the conclusion that in this entire transaction Hughes was acting for Mayfield and not for Foster.

The court concluded as a matter of law that the signing of the note by Hughes under the circumstances constituted such a material alteration as to render the note void and unenforceable against Mayfield and Pruett. The court rendered judgment for plaintiff against Hughes by default, but denied him recovery against Mayfield and Pruett. Foster appealed from the judgment.

The only question presented for our decision is whether the voluntary act of Hughes in signing the note as surety was an alteration or a spoliation of the instrument.

[1] The rule, applied in the courts of the country generally, is that the change of an instrument by a stranger without the privity of any of the interested parties is, strictly speaking, a spoliation, rather than an alteration, and will not render the instrument void, and this without regard to the materiality, whether or not, of the change.

This rule is stated in 4 Elliott on Contracts, § 3475, in the following language:

"But it is a well-settled rule that any alteration of a negotiable instrument made by a stranger thereto without authority and without knowledge or privity of the interested parties does not affect the right to recover in an action on the instrument in its original form, whether the change wrought in the instrument as originally executed is material or immaterial, as the change so wrought will be regarded as a spoliation and not in the strict sense an alteration."

To the same effect, see Rus v. Farmers' Nat. Bank (Tex. Civ. App.) 228 S. W. 985, 986; Griffin v. Shamburger (Tex. Civ. App.) 262 S. W. 144–146; 8 Elliott on Contracts, § 2007; 18 Ann. Cas. 223; Ann. Cas. 1914A, 61; 2 Corpus Juris, p. 1233, § 104.

[2] We are of the opinion and so hold that the unsolicited act of Hughes in signing the note under the circumstances was the act of a stranger and constituted a spoliation with-

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in the meaning of the law that affected neither the rights of Foster nor the liability of Mayfield and Pruett.

The judgment of the trial court will be affirmed as to the defendant Hughes, and reversed and rendered for plaintiff against the defendants Mayfield and Pruett.

Affirmed in part, and reversed and rendered in part.