GENIA RENO *et al.*, Respondents, v. E. W. KINGSBURY, Appellant.

**Kansas City Court of Appeals, February 17, 1890.**

1. **Witnesses: HUSBAND NOT COMPETENT.** The husband neither at common law nor under the statute is a competent witness for the wife, except in matters where he acted as her agent.

2. **Evidence :** WHEN INCOMPETENT : NO CAUSE FOR REVERSAL. The admission of the testimony of an incompetent witness is no ground for reversal of the judgment, when the uncontradicted evidence is to the same effect ; such testimony being merely cumulative and harmless.

3. **Replevin :** MEASURE OF DAMAGES. In an action of replevin, if the property is obtained without injury or deterioration, the owner is only entitled to damages for the caption and detention. The ordinary damage is the interest on the value of the property. When the use of the property detained is valuable, the plaintiff is entitled to recover the value of the use in preference to the interest on the value, but he cannot recover both the use and the value.

4. **Verdict :** EVIDENCE MUST SUPPORT : DAMAGES. Verdict for damages in replevin must be supported by the evidence, and plaintiff's opinion in this case is no criterion for their admeasurement.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED (*si*).

*Peak, Yeager & Ball,* for the appellant.

(1) Griffin Reno having no interest in the subject of matter of the controversy, and not being the agent of his wife, was not a competent witness to testify in her behalf. R. S. 1879, sec. 4014 ; *Paul v. Leavitt,* 53 Mo. 595 ; *Hearle v. Kruhn,* 65 Mo. 202 ; *Wood v. Bradley,* 76 Mo. 23 ; *Joyce v. Bronsen,* 73 Mo. 28 ; *White v. Chaney,* 20 Mo. App. 389 ; *Brown v. Kirk,* 20 Mo. App. 524. (2) There was no evidence upon which to base an instruction for more than nominal damages, and the court committed error in giving respondent's third instruction in permitting the jury to assess damages at one hundred and fifty dollars. *Musick v. Railroad,* 57 Mo. 134 ; *Hayes v. Dellzell,* 21 Mo. App. 679 ; *McCord v. Railroad,* 21 Mo. App. 92. (3) There was no evidence upon which to base a verdict for more than nominal damages, and the court committed error in

Reno v. Kingsbury.

refusing to set aside the verdict of the jury. *Allen v. Kennedy*, 91 Mo. 328; *Saunders v. Brosius*, 52 Mo. 50; *Zwisler v. Storts*, 30 Mo. App. 168.

*Chase & Powell*, for the respondents.

(1) Where husband and wife are both parties in interest both may testify. This will hardly be contro-verted under the many decisions, a few of which only are cited. *Jennings v. Miles*, 3 Mo. App. 569; *Fisger v. Anchor Line*, 15 Mo. App. 577; *Bell v. Railroad*, 86 Mo. 599. (2) While plaintiff, Griffin Reno, had no interest in the property replevined which he could convey or could be taken for his debts, still he had the right to "possess and enjoy the property" during the marital relations of plaintiffs, and this marital right entitles him to testify in the case. *Fugate v. Pierce*, 79 Mo. 441; *Steffen v. Bower*, 70 Mo. 404; *O'Bryan v. Allen*, 95 Mo. 73. (3) If there is any evidence showing the amount of damages the instructions were properly given, and unless so excessive as to be marks of preju-dice, passion or corruption court will not reverse. *Gouts v. Ambs*, 27 Mo. 28; *Wangler v. Franklin*, 70 Mo. 659; *Sheehy v. Railroad*, 94 Mo. 574. (4) There was positive and uncontradicted evidence of amount of damages given by jury, and plaintiff who gave the evi-dence was on the stand for cross-examination. *Busch v. Christian*, 53 Mo. 483; *Doering v. Saumet*, 56 Mo. 479; *Reid v. Ins. Co.*, 58 Mo. 429; *Edwards v. Cary*, 60 Mo. 572. Evidence of plaintiff sufficient to sustain verdict for damages. *Sugfarth v. Railroad*, 52 Mo. 449. (5) Respondents further say that if the testimony of Dr. Griffin Reno was error it was harmless error, and the courts will not for that reason "reverse the judg-ment where the matters of such testimony were testified to by other witnesses and were not contradicted. *Julian v. Calkins*, 85 Mo. 202; *Avery v. Fitzgerald*, 94 Mo. 207; *Grey v. Packet Co.*, 64 Mo. 47; *State v. Kring*, 74 Mo.

Reno v. Kingsbury.

632; *Miller v. Miller*, 14 Mo. App. 418; *Schluter v. Wiedenbrocker*, 23 Mo. App. 440; *Heitzig v. Gruner*, 13 Mo. App. 580. (6) Judgment will not be reversed on appeal for the admission of incompetent evidence which is merely cumulative of facts abundantly proven by competent evidence. *Prickett v. Anchor Line*, 13 Mo. App. 436; *Moffett v. Turner*, 23 Mo. App. 194; *Kinealy v. Macklin*, 10 Mo. App. 583; *Heitzig v. Gruner*, 13 Mo. App. 580; *Lesinsky v. Despatch Co.*, 14 Mo. App. 598; *Ridgeway v. Kenedy*, 52 Mo. 25-26; *Auction & Com. Co. v. Mason*, 16 Mo. App. 473-474; *Matthew v. Fitzwilliam*, 12 Mo. App. 445; *Lakebrink v. Boehmer*, 8 Mo. App. 561; *Reber v. Tower*, 11 Mo. App. 199; *Berney v. Sharp*, 78 Mo. 73.

SMITH, P. J.—One Kimmel brought suit against Griffin Reno, husband of plaintiff Genia Reno, before a justice of the peace, and, in aid thereof, he sued out a writ of attachment, under which the property in controversy, consisting of household goods, etc., was seized as the property of the said Griffin Reno and was afterwards taken from the possession of defendant, who was constable, by writ of replevin in this action.

At the trial the plaintiff introduced a number of witnesses whose evidence tended to show that the property in controversy was her separate property. The plaintiff was permitted to read, over the objections of defendant, the deposition of the said Griffin Reno, as to the plaintiff's title to the property. The plaintiff testified that she had been damaged by the taking and detention of her goods to the full amount of one hundred and fifty dollars. The goods were alleged to be worth four hundred dollars. The jury found for the plaintiff and assessed her damages at the sum of one hundred and forty dollars, and judgment was rendered accordingly. The defendant appeals here.

I. The first ground of defendant's appeal is that the circuit court erred in permitting the deposition of

Griffin Reno, the husband of the plaintiff, to be read in evidence. This was, we think, improper. "The rule is well settled that at common law the husband and wife could not be permitted to give evidence for or against each other. Whatever modification there is of that rule is made by statute. Where the statute has made no innovation on the rules of evidence as they previously existed, they remain the same as they were." *Paul v. Leavitt*, 53 Mo. 595.

By reference to the statute relating to witnesses, section 4014, Revised Statutes, 1879, it will be seen that the husband is not enabled by any of its provisions to testify when his relation to the subject-matter of his testimony is as in this case. He testified as to the source from which his wife obtained the money with which she purchased the goods, and also as to the time, place and circumstances of the acquisition, and that the same was her separate personal property, etc. He did not testify that he was the agent of the wife in the purchase of the goods, nor in any transaction connected with the acquisition of the same. There is nothing in his testimony which rendered him a competent witness within the meaning of the statute referred to.

This deposition should have been excluded from the jury, but shall we reverse the judgment on this account? If the court had excluded the deposition of Griffin Reno, the uncontradicted testimony of a number of the witnesses would have remained, which conclusively establishes the plaintiff's separate ownership of the property. The exclusion of this deposition from the jury could not have changed the result of the trial. It was only cumulative. Its admission, while erroneous, did not harm the defendant.

We are expressly forbidden by the statute to reverse the judgment of any court unless we believe that error was committed by such court against the appellant, materially affecting the merits of the action.

Section 3775. For an error of this kind we cannot reverse the judgment. *Julian v. Calkins*, 85 Mo. 202; *Avery v. Fitzgerald*, 94 Mo. 207.

II. The defendant insists that there is no evidence upon which to base the finding by the jury of one hundred and forty dollars' damages. The only testimony as to the damages was that of the plaintiff. She testified that she thought she had "been damaged to the full amount of one hundred and fifty dollars, if not more." Upon what theory, or by what rule, the jury made their finding is quite difficult to understand.

In action of replevin, if the property is obtained without injury or deterioration, the owner is only entitled to damages for the caption and detention. The ordinary damages is the interest on the value of the property. *State v. Smith*, 31 Mo. 566; *Walker v. Boland*, 21 Mo. 289; 3 Suth. on Dam., pp. 538, 546; *Watson v. Harmon*, 85 Mo. 447; R. S., sec. 2126. When the use of the property detained is valuable, the plaintiff is entitled to recover the value of the use during the time he is deprived of the possession in preference to the interest on the value thereof, but he cannot recover both the use and the interest on the value. *Frebun v. Norcross*, 49 Cal. 313; 3 Suth. on Dam. 539.

The value of the property was alleged at four hundred dollars, and there was no evidence that the property was not in as good condition when recovered as it was when taken from plaintiff.

There was no evidence as to the value of the use of the property during the time the plaintiff was deprived of it. The period of the detention was about seven months. How the jury could have found the interest on the value of the property for that time at any rate allowed by the statute of this state surpasses all understanding. There is nothing in the evidence which authorized the jury in allowing damages to go beyond interest on the value of the goods during the time

the plaintiff was deprived of their use. The damages recovered were wholly unauthorized by the evidence. The plaintiff's opinion was no criterion for the admeasurement of the damages.

According to the rules we have indicated, the damages assessed by the jury were improper. If the plaintiff will, within ten days hence, file with the clerk a *remittitur* of one hundred and twenty dollars of the damages recovered, the judgment of the circuit court will be affirmed; otherwise it will be reversed and cause remanded. All concur.