GURLEY BROTHERS, Appellants, v. DORA BUNCH, Respondent.

Kansas City Court of Appeals, March 2, 1908.

1. **CHATTEL MORTGAGE: Alteration: Replevin.** In replevin by the mortgagee to recover the mortgaged property he cannot recover if the mortgage has been changed by him or his authorized agents.

2. **REPLEVIN: Value: Evidence: Presumption.** In a replevin suit the interrogatory "what was the mare worth to you per day" is improper, but the answer "when we get a horse we have to pay fifty cents a day or one dollar a day" is admissible, since it gives the customary price; and a horse five or six years of age will be assumed to be suitable for work of horses of that age.

3. ———: Detention: Damages: Justices' Courts: Statement. In a justice's court evidence will be admitted of the damages for the taking and detention of the property replevined although not alleged in the statement, but it is otherwise in the circuit court.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*D. H. Kemp,* for appellants; *R. H. Davis* of counsel.

(1) If damages could have been proved and recovered under the general issue, defendant was estopped from proving and recovering such damages, the answer filed not having raised any such issue. (2) Said damages being special damages, and being in the nature, if not in fact, of a counterclaim, would have to be specially pleaded. Cobby on Rep., sec. 862; 18 Ency. Pl. & Pr., 557; Whitcomb v. Hoffman, 14 Hun (N. Y.) 335; Bateman v. Blake, 81 Mich. 227. (3) The evidence offered was illegal and incompetent in that it does not attempt to state the reasonable market value of the use of such property during the time it was detained. (4) Defendant did not prove or attempt to prove that she had a use for, and would have used, said property, or that she could have rented said property during the time it was detained from her. Barney v. Douglass, 22 Wis. 464; Smith v. Stevens, 14 Col. App. 491, 60 Pac. 580. (5) The property having been sold, the measure of defendant's damages was the value of the property with interest on the value of said property. Cobby on Replevin, secs. 881, 882. (6) The alteration, if any, was not material and did not invalidate the instrument. In determining whether or not an alteration does or does not change the legal import of the instrument altered, the instrument must be interpreted both in its original and its altered forms. 2 Am. & Eng. Ency. Law, 190, and

cases cited; Bank v. Bangs, 42 Mo. 450; State v. Dean, 40 Mo. 464; Woods v. Hilderband, 46 Mo. 284; Aubuchon v. McKnight, 1 Mo. 181; Trigg v. Taylor, 27 Mo. 245; Ivory v. Michael, 33 Mo. 398; Owings v. Arnot, 33 Mo. 406.

*D. S. Mayhew* for respondent.

BROADDUS, P. J.—This is a suit in replevin for the possession of a horse. The plaintiffs claim of a title arises out of a mortgage given to secure the payment of a certain note past due at the beginning of the suit on the 10th day of June, 1905. The cause was begun in a justice's court from which an appeal was taken to the circuit court. The defense was that the mortgage had been altered since its execution. The evidence tends to show that since the trial in the justice's court the writing had been changed by the insertion of the name of defendant in the body thereof. The judgment was for the defendant from which plaintiffs appealed.

The court properly instructed the jury that if the mortgage had been changed since the beginning of this suit by plaintiff or their authorized agents they would find for the defendant. And on behalf of plaintiff the jury were instructed that if such change had been made before the jury could find for the defendant they must further find that the alteration was made by plaintiffs or by some one authorized by them to do so. The court properly declared the law of the case. [Kelly v. Thuey, 143 Mo. 422.] And the verdict on that issue was supported by the evidence.

The defendant was permitted to testify to the value of the loss of service of the mare from the day of taking until the day of trial to be fifty cents a day. The objection to this evidence is that there was no evidence that the animal was a work animal or that defendant had use for her during the time. She was asked: "What

was the mare worth to you per day, the use of her?" The question was objected to "as not the proper way to prove the value of the use of the mare." The answer was: "When we get a horse we have to pay fifty cents a day or a dollar a day." The question was improper but the answer was admissible. It was equivalent to saying what was customary. And the argument that it was not admissible without proof that it was a work animal is not sound. It will be assumed that a horse five or six years of age was suitable for such use as horses usually are of the same age and value.

The defendant was allowed damages for the taking and detention of the horse. The defendant did not file any counter claim setting up damages or so far as the record shows make any verbal claim for any. It was not necessary to do so. Section 3921, Revised Statutes, 1899, provides that, in cases where the verdict is for the defendant as to the right to the property in controversy, the jury shall find also for such damages for the withholding of the property as may be just and proper. The rule would be different if the cause had originated in the circuit court. Other questions raised are unimportant. Affirmed. All concur.