RUS v. FARMERS' NAT. BANK OF SEALY.
(No. 7976.)

(Court of Civil Appeals of Texas. Galveston. Jan. 20, 1921.)

**I. Alteration of instruments ⬗11(2)—Alteration of note by stranger without owner's consent or knowledge does not render note inadmissible in action thereon.**

In a suit to recover on a note, where plaintiff bank pleaded that the date of the note had been changed without its knowledge, and that it repudiated the change as soon as it had notice thereof, and introduced all the officers of the bank to testify that they had not altered the note nor knew when, why, or by whom it was altered, it was not error to admit the note in evidence as showing the original contract.

**2. Alteration of instruments ⬗11(2)—Alteration by stranger does not change status of parties.**

A change or alteration of a note by stranger thereto does not change the status of the parties as evidenced by the original instrument, and cannot relieve the maker from his obligation thereunder.

**3. Chattel mortgages ⬗47—Description enabling property to be definitely identified by mortgage itself is sufficient.**

Where a chattel mortgage itself gives means by which the property can be definitely identified, although the description is not as accurate as it should be, the instrument is not void for indefiniteness of description.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Suit by the Farmers' National Bank of Sealy against Frank Rus. Judgment for plaintiff, and defendant appeals. Affirmed.

C. G. Krueger, of Bellville, and C. H. Chernosky, of Rosenberg, for appellant.

W. J. Hill, of Bellville, and C. C. Glenn, of Sealy, for appellee.

PLEASANTS, C. J. This suit was brought by appellee to recover upon a note for $3,000, executed by the appellant in favor of appellee on the 19th day of December, 1918, and payable on December 18, 1919, and to foreclose a mortgage lien upon personal property described in a mortgage of even date with said note executed by appellant for the purpose of securing the payment of the note. After declaring upon the note and mortgage the petition alleges:

"Plaintiff further shows to the court that the said note herein declared upon was originally drawn to mature on the 18th day of December, A. D. 1919, and was so written on typewriter, yet by the act of some person or persons, whose identity is to plaintiff unknown, not authorized by plaintiff or any person or persons authorized to represent or speak for plaintiff, and without the knowledge or consent of plaintiff, has written the word 'June' in script over the typewritten word 'December,' thereby endeavoring to change the date of maturity of said note from 'December' 18, 1919, to 'June' 18, 1919; that such was not the act of plaintiff, and was not done or authorized by plaintiff, nor was any person or persons authorized by plaintiff to endeavor to make such change in the date of maturity of the said note, nor was any person or persons, authorized to act or speak for plaintiff, authorized to make such change in the date of maturity of the said note, or to make any change whatever in the said note, nor was such act done either with the knowledge or consent of this plaintiff, and that immediately upon receipt of the knowledge thereof by plaintiff it repudiated and disapproved thereof, and disowned such act and all responsibility therefor; that this plaintiff has made no effort since learning of the fraudulent act herein complained of to effect a collection of the said purported 'June' note, and does not now ask or seek the collection of any other than its original 'December 19, 1918' note, maturing 'December 18, A. D. 1919,' as hereinbefore designated and described and fully set out in this, plaintiff's first amended original petition."

The appellant answered by general denial, and plea of non est factum, and further pleaded that there had been a material change made in the note after its execution and delivery to the appellee, without the consent or knowledge of the appellant.

The trial in the court below without a jury resulted in a judgment in favor of appellee for the amount of the note, with interest and attorney's fees, and for foreclosure of the mortgage lien upon the property described in the mortgage.

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Under appropriate assignments of error appellant assails the judgment on the ground that the court erred in admitting in evidence a note which showed upon its face that there had been a material alteration made thereon after its execution, when there was no explanation made by appellee of "why, when, or by whom, or under what circumstances, such alteration was made," the introduction of said note in evidence having been objected to on these grounds. We do not think these assignments should be sustained. As before shown, appellee pleaded the alteration of the note without its authority or knowledge, by some one to it unknown. Under these allegations, when the note was offered in evidence, it introduced the testimony of all the officers of the bank who had handled the note or who had any authority, express or implied, to make any alteration therein, and these officers all testified that they did not make the attempted alteration in the note, and they knew nothing of how, when, or why, or by whom, it was made. They also testified that as soon as the alteration was discovered they recognized that it was unauthorized, and made no effort to enforce the collection of the note as altered.

[2] This evidence was uncontradicted, and clearly justified the ruling of the court admitting the note in evidence. It is well settled that the change or alteration of a note by a stranger thereto does not change the status of the parties as evidenced by the original instrument. Such alteration has no more effect between the parties than an accidental mutilation of the instrument, and cannot relieve the maker from his obligation thereunder. The rule is thus stated in Cyc. vol. 2, p. 151:

"Erasure, interlineations and changes, however material, made in and upon an instrument by a stranger to it, are in legal contemplation wholly immaterial and ineffective to give the instrument any other or different meaning or operation than that which attached to it before such interlineation."

This rule is obviously sound and just, and is well supported by authority. Andrews v. Calloway, 50 Ark. 358, 7 S. W. 449; Deering Harvester Co. v. White, 110 Tenn. 132, 72 S. W. 962; Gurley Bros. v. Bunch, 130 Mo. App. 665, 108 S. W. 1109.

[3] The judgment is further assailed on the ground that the mortgage foreclosure of which was decreed was void for want of sufficient description of the property thereby conveyed. The description of the property is not as accurate as it should be, but the instrument itself gives the means by which the property can be definitely identified, and is therefore not void.

This disposes of the material questions presented by appellant's brief, and the remaining assignments need not be discussed. None of them, in our opinion, presents any error which would authorize a reversal of the judgment, and it is therefore affirmed.

Affirmed.