**STEPHEN BURNS, Inc., a Corporation (Plaintiff), Appellant,**

v.

**Homer TRANTHAM (Defendant), Respondent.**

No. 29704.

St. Louis Court of Appeals.

Missouri.

Sept. 3, 1957.

Meyer, Hoester & Coleman, by Hal B. Coleman, Clayton, for appellant.

Louis S. Czech, Clayton, for respondent.

WOLFE, Commissioner.

This is an action in replevin whereby the plaintiff replevined, with bond, an automobile from Homer Trantham, the defendant. Trantham asserted ownership and title to the automobile and counterclaimed for its value and damages. There was a verdict for the defendant in the total sum of $3,500. From the judgment on the verdict plaintiff prosecutes this appeal.

There appears to be but little dispute about the facts which relate to the title to the car. The plaintiff corporation was engaged in selling new Mercury automobiles and Ford products. On December 24, 1953, the company received from the Lincoln-Mercury Division of the Ford Mo-

tor Company a 1954 model, four-door Mercury sedan, which is the car here in question. The plaintiff corporation had the automobile in possession until January 27, 1954, when a person by the name of Luther Townsend agreed to buy the car for $2,559.

Townsend gave the plaintiff corporation a check for the agreed price of the car and signed a filled-in printed form captioned "Retail Buyer's Order", which stated that he agreed to purchase for cash a Mercury car of a certain motor number and the bottom of the form was initialed by an authorized salesman for the plaintiff next to the printed word "Accepted". A copy of this "Retail Buyer's Order" was given to Townsend and he was also given possession of the car. The check that he gave to the plaintiff was deposited for collection but was returned by the bank marked insufficient funds. Shortly after he obtained possession of the car Townsend made application to the Bureau of Motor Vehicles of the State of Indiana for a certificate of title. He supported his application by filing with that bureau a copy of the "Retail Buyer's Order". This bore a stamp which read, "Paid Stephen Burns, Inc." and the date of January 27, 1954.

The president of the plaintiff corporation testified that the stamp was one used by his company but that it was not used for the sale of cars but was kept on a desk in its service department.

In addition to the stamp the "Retail Buyer's Order" also had written upon it: "This is a new car and has never been registered in this or any other state and is free of all liens. Subscribed and sworn to before me this 28th day of January, 1954. R. C. Eden, Notary Public for St. Louis County, Missouri. My term expires January 27, 1956." The president of the plaintiff corporation also testified that no one by the name of Eden had ever been employed by its company.

A certificate of title was issued to Luther Townsend by the Bureau of Motor Ve-

hicles of the State of Indiana. The car was then sold and Townsend's Indiana title transferred to the Pagedale Motors, Inc., a used car company located on Page Avenue in St. Louis, Missouri.

On February 9, 1954, Homer Trantham, the defendant, who resided in St. Louis, saw the Mercury on the sales lot of Pagedale Motors, Inc. At the time Trantham owned a 1952 Chevrolet and was interested in purchasing another car. He agreed to trade his Chevrolet to the Pagedale Motors, Inc., and pay an additional $1,500 for the Mercury. He made a loan with the Easton-Taylor Trust Company of St. Louis for $1,500 and paid this amount to the Pagedale Motors, Inc., and gave them his Chevrolet. He took possession of the Mercury automobile and received a Missouri certificate of title in his name from the Department of Revenue of the State of Missouri.

Trantham used the car to drive to and from his work until October 9, 1954, when it was taken from him by the writ of replevin here in litigation. At the time the car was replevined he had run it for about twelve thousand miles. There was no public transportation from his home to the place of his employment and after his car was taken from him he used a taxicab on two occasions at a cost of $5 a trip. He then arranged to ride for $3 a week. This continued for 8 weeks. After that he bought a 1941 Plymouth for $100.

During this period of time Stephen Burns, Inc., the plaintiff, was attempting to get Luther Townsend to make good his check and it was also attempting to locate the car. The company succeeded in getting payments from Townsend totaling $1,500 or $1,600 and it eventually located the automobile. After having replevined the car the company sold it.

As to the value of the automobile at the time it was replevined there was testimony that its market value was from $2,200 to $2,300. Upon the foregoing evidence the jury returned a verdict for the defendant,

finding that the reasonable value of the automobile at the time of its taking was $2,200 and that the defendant was damaged by the taking in the sum of $1,300.

■ The plaintiff contends that the court erred in refusing to sustain its motion for a directed verdict. It is asserted that no title passed from Stephen Burns, Inc., to Luther Townsend and that the subsequent purchaser therefore consequently took no title. We are cited to two cases, Hoshaw v. Fenton, 232 Mo.App. 137, 110 S.W.2d 1140, and Crawford v. General Exchange Ins. Corp., Mo.App., 119 S.W.2d 458, but both of these have to do with the sale of motor vehicles which have been registered in the state. Under Section 301.210 RSMo 1949, V.A.M.S., such sales are void unless the certificate of ownership for the registered car is assigned to the purchaser at the time of the sale. This does not apply to an automobile such as the one here in question, for it was a new car that had no registration of ownership. The transaction between Townsend and Stephen Burns, Inc., was therefore not void by reason of the statute. Mallory Motor Co. v. Overall, Mo.App., 279 S.W.2d 532; Vetter v. Browne, 231 Mo. App. 1147, 85 S.W.2d 197.

■ The plaintiff also relies upon the case of Hickerson v. Con Frazier Buick Co., Mo.App., 264 S.W.2d 29. This case is factually different in several respects from the one before us. In it the seller took a check for the full price of the automobile. The seller executed a bill of sale and the vendor's certificate on the prescribed form for a Missouri certificate of title and gave these with possession of the automobile to the purchaser. The purchaser mailed the application for title to the Department of Revenue the day following. On that same day the purchaser died and the seller tendered the check to the decedent's administratrix and requested the return of the automobile. This was refused and the seller took the automobile. The suit was brought by the administratrix who claimed the automobile as an asset of the estate. The

court held that the suit for conversion brought by the administratrix would not lie as the evidence failed to establish that title had passed to the deceased. Payments not having been made, the sale was not complete. The court pointed out that acceptance of a check does not constitute absolute payment. It is well established that where a sale is for cash, payment is not made if a check given in payment is dishonored. Rettinghouse v. Krey Packing Co., Mo.App., 200 S.W.2d 584; Griffin v. Priest, Mo.App., 137 S.W.2d 685; Lewis v. James McMahon & Co., 307 Mo. 552, 271 S.W. 779. It will be seen, however, that the facts in Hickerson v. Con Frazier Buick Co., supra, differ from those under consideration, in that no third party was involved, as the administratrix stood in the same position as the deceased, and neither was there any element of estoppel or waiver which appears to be present under the facts before us.

■ Since the question of a Missouri certificate of ownership was not involved in the original sale from the Burns Company to Townsend, we have only to consider whether or not title passed to Townsend by reason of their transaction. If it did not, then he could convey no title. All that was necessary to invest Townsend with a marketable title was possession and a bill of sale. There is no dispute about possession and the only remaining question is whether or not the paper captioned "Retail Buyer's Order" could be construed to be a bill of sale. As stated in 77 C.J.S. Sales § 125, p. 836:

"Except as otherwise prescribed by statute, it is not essential that the writing should be in any particular form as long as it shows an intent to transfer the property for a consideration. The writing may be in the form of a receipt acknowledging payment of the consideration for the property therein described; but it must show a present tranfer, although it is not essential that it should recite the fact of delivery of the property. The instrument should

so describe the property as to furnish the means of identifying it with reasonable certainty."

The instrument before us shows an intent to transfer for it was admittedly an accepted order. The consideration was recited and the property described so that it could be identified with certainty. It bore the stamp "paid". There was no testimony that the paid stamp was not put on by the plaintiff before the paper was given to Townsend. It was admittedly the company's stamp and the only evidence in relation to stamping it upon the paper given Townsend was that it was not on the Original Buyer's Order retained by the plaintiff. Whether or not it was placed there by the plaintiff at the time of the sale was a question of fact, which should have been submitted to the jury, but no point is raised in relation thereto. All of the necessary recitals of a bill of sale were present and the Bureau of Motor Vehicles of the State of Indiana regarded it as such.

■ Having thus vested Townsend with title, the plaintiff is estopped from claiming that Trantham's title is not good, for it was plaintiff's act that put Townsend in a position to transfer title to the car, and Trantham, an innocent purchaser for value, should not stand the loss. Seward v. Evrard, 240 Mo.App. 893, 222 S.W.2d 509; Jacobson v. M. B. Thomas Auto Sales, Mo. App., 234 S.W.2d 813, and cases cited therein.

It should be noted that there is a question of waiver raised by facts indicating that the plaintiff treated the transaction as a consummated sale. It collected over half of the purchase price from Townsend after the check had failed to clear. We need not consider this, however, as the matter of title is resolved by estoppel.

■ The plaintiff also contends that the instruction covering the defendant's counterclaim was erroneously given because of one phrase contained in it. This required the jury to find, "that the taking was wrong-

ful and unlawful". It is claimed that the word "unlawful" implies criminal intent on the part of the plaintiff. Should it carry such an implication the instruction would place a greater burden on the defendant than he was obliged to carry and this would not be to the prejudice of the plaintiff. If the plaintiff had no title to the car the taking of it was unlawful and the word was not improperly used.

■ It is urged that the instruction given on the measure of damages is erroneous. This instruction informed the jury that it could assess damages in an amount that would compensate for the loss of the use of the car, "but not to exceed $144." It permitted an award of interest, "not to exceed $198." These two items were in addition to the reasonable market value of the car at the time it was taken. The plaintiff contends that only the value of the automobile could be awarded and that the loss of its use was not a proper element of damages.

■ In so contending the plaintiff relies upon Hannibal Investment Company v. Schmidt, Mo.App., 113 S.W.2d 1048, loc. cit. 1053, which is an opinion by this court, wherein we stated that the prevailing defendant in a replevin suit was entitled only to the value of an automobile wrongfully replevined and that no damages could be allowed for the loss of its use. The authority upon which the court based that statement in no way supports it. The statute on replevin, Section 533.110 RSMo 1949, V.A.M.S., provides that the prevailing defendant in such suits is entitled to damages for the taking and for the detaining of the property, from the time it was taken to the time of trial. This is in addition to the property or its value. The statement made in Hannibal Investment Company v. Schmidt, supra, is erroneous and should no longer be followed. When property having a use value is wrongfully taken from a defendant, damages for the loss of its use may be awarded. Gurley Bros. v. Bunch, 130 Mo.App. 665, 108 S.W. 1109; Kieselhorst Piano Co. v. Porter, 185 Mo.App. 676, 171

S.W. 949; Forsee v. Zenner, Mo.App., 193 S.W. 975; Vetter v. Browne, 231 Mo.App. 1147, 85 S.W.2d 197.

 There must, of course, be proof of such damages and the evidence that the defendant paid money for transportation and then bought another automobile is not proof of any loss suffered. Transportation in his own car undoubtedly cost him money for fuel, repairs and depreciation. The fact that he continued to pay for transportation was of no loss to him unless he was obliged to pay more. His measure of damages for the loss of use would be the difference between a higher cost, if he was obliged to pay more after his car was taken, and what it would have cost to operate, maintain, repair and depreciate his own car over the same period of time. On this there was no proof and the court erred in submitting the loss of use as an element of the damages recoverable. Vetter v. Browne, supra.

The appellant also asserts that the defendant cannot recover both damages and interest. Interest is allowable when the damages are not susceptible to proof but not otherwise. To allow both would be to permit an award in the nature of double damages. This point is also well taken. Reno v. Kingsbury, 39 Mo.App. 240; Forsee v. Zenner, Mo.App., 193 S.W. 975.

The award of $1,300 damages reached upon the erroneous instruction was not supported by any evidence properly admissible and it is impossible to determine what the jury considered in reaching that amount. The award consequently cannot stand.

For the reasons stated, it is the recommendation of the Commissioner that if the defendant will enter a remittitur of $1,300 within fifteen days of the date of the filing of the opinion herein, the judgment should be affirmed and that otherwise it should be reversed and remanded.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court shall be affirmed if the defendant will enter a remittitur of $1300 within fifteen days; otherwise the judgment will be reversed and the cause remanded.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.