M. Kay JOHNSON (Bathe),
Plaintiff-Respondent,

v.

Donald R. LINDER, et al.,
Defendants-Appellants.

No. 42907.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1981.

David J. Newburger, St. Louis, for defendants-appellants.

Thomas Blumenthal, University City, for plaintiff-respondent.

CRIST, Presiding Judge.

Action arising from a landlord-tenant relationship. Respondent (hereinafter "tenant") failed to pay rent in accordance with the tenor of a written lease. Appellants (hereinafter "landlords") took the law into their own hands by forcibly evicting tenant and taking possession of personal property valued at $4,000.00. We affirm in part and reverse in part with directions.

The court, sitting without a jury, heard the evidence and entered its order, as follows:

1. (a) Judgment for tenant on tenant's claim for replevin,

(b) Landlords to return tenant's personal property or pay her $4,000.00 at tenant's election,

(c) Landlords to pay tenant the sum of $8,000.00 for deprivation of property,

2. Landlords to pay tenant the sum of $2,000.00 as punitive damages,

3. Judgment for tenant for forcible entry and detainer in the sum of $1,170.00,

4. Judgment for tenant on her claim for the return of the security deposit in the amount of $75.00,

5. Judgment for landlords in the sum of $1,170.00 for unpaid rent.

Part 1.(c) is hereby reversed with directions. The remainder of the judgment is affirmed.

Landlords complain that the trial court erred in awarding tenant $8,000.00 damages for the deprivation of her personal property. We agree. In its findings, the trial court explicitly identified a sum of $4,000.00 as the value of her property and referred to such sum as the amount tenant was damaged by the deprivation of her property. It concluded that "[b]eing without this property for so long, plaintiff [tenant] has virtually lost it, for she would have to, and did, replace all of it. Thus her damages, the amount for deprivation of property, must be set at $4,000. Double this amount equals $8,000." In reaching this conclusion, the trial court erred in two respects. First, it did not consider the proper measure of damages for deprivation and, then, it doubled the amount assessed without statutory authority. Section 533.140, RSMo. 1978.

The measure of damages for the unlawful taking and deprivation or detention of usable property is its "use value." *Knight v. Lauer*, 253 S.W. 454, 456 (Mo.App.1923); *MFA Cooperative Ass'n of Mansfield v. Murray*, 365 S.W.2d 279, 289 (Mo.App.1963); *Stephen Burns, Inc. v. Trantham*, 305 S.W.2d 66, 70–71 (Mo.App. 1957). "Use value" contemplates consideration of the rental value of the property detained. *Knight v. Lauer, supra* at 456. It does not include the cost of replacement except insofar as that amount exceeds the value of the property detained. *Stephen Burns, Inc. v. Trantham, supra* at 70–71. The mere fact that tenant was forced to pay for substitute goods or replace her property was not proof of any loss suffered. *Stephen Burns, Inc. v. Trantham, supra* at 71; see, *Riddle v. Dean Machinery Co.*, 564 S.W.2d 238, 258 (Mo.App.1978). In the event that damages for loss of use are not susceptible to proof, interest on the value of the property detained is allowable. *Stephen Burns, Inc., v. Trantham, supra* at 71.

That part of the judgment assessing damages for detention of tenant's personal property must be reversed and remanded for reassessment of its "use value" without any doubling of such amount. Section 533.-140, RSMo. 1978.

Landlords next contend the $2,000.00 punitive damages award and the return of the $75.00 deposit were not supported by the pleadings and the evidence. We find no merit in these contentions. See, Rule 74.31; *Condos v. Associated Transports, Inc.*, 453 S.W.2d 682, 690 (Mo.App.1970).

That part of the judgment awarding tenant $8,000.00 for deprivation of property is reversed and remanded to the trial court for reassessment of damages in accordance with § 533.140, RSMo. 1978. In all other respects the judgment is affirmed.

REINHARD and SNYDER, JJ., concur.