**Bernard O'DONNELL,
Plaintiff-Appellant,**

v.

**Lee B. HEUTEL, M. D.,
Defendant-Respondent.**

**No. 44085.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Kenneth D. Koester, James F. Koester, St. Louis, for plaintiff-appellant.

Richard O. Funsch, Richard J. Mehan, Jr., St. Louis, for defendant-respondent.

SNYDER, Judge.

Appellant, Bernard O'Donnell, appeals from a judgment for the defendant, pursuant to a jury verdict, in a medical malpractice action brought against respondent Dr. Lee Heutel. Appellant's determinative point charges trial court error in permitting respondent's counsel to comment on appellant's failure to call a treating physician to

testify. The judgment is reversed and remanded for a new trial.

On January 22, 1976 appellant mashed his left hand in an accident at work. He worked for National Food Stores (National). The store sent him to the Macon Medical Clinic to have the hand examined and treated. Respondent is a partner in the clinic. Appellant visited the clinic several times. On the third visit, on February 20, 1976, respondent treated appellant. The hand was still sore. Respondent diagnosed the problem to be tenosynovitis, an inflammation of the sheath around a tendon. In this case the tendon involved was on the back of the hand, just above the knuckle of the middle finger.

Respondent administered a cortisone shot into the inflamed tendon sheath. Appellant claimed no one cleaned the area where respondent gave the shot. Respondent claimed his nurse cleaned the area with Betadine.

Appellant's hand continued to be swollen and sore. Respondent's partner, Dr. Bhattacharya, referred appellant to Dr. Sheer, an orthopedic surgeon. Dr. Sheer saw appellant first on April 1. He prescribed physical therapy. After a month the hand continued to be red and then turned yellow. Finally, on April 29, 1976 a draining ulcer opened on the back of the hand in the area where the shot was given. Upon taking a culture of the area, Dr. Sheer found a serious staphylococcus aureus infection.

Dr. Sheer put appellant into the hospital immediately. A total of five operations were performed on appellant's hand as of the time of the trial and several more had been recommended. At the time of trial, appellant had little or no use of his left hand. He could move his thumb, but all his other fingers were in more or less a fixed clawed position. A bone graft had been done to immobolize appellant's left wrist.

Neither party called Dr. Sheer to the stand. Appellant had, however, listed Dr. Sheer in his answer to interrogatories as a possible witness who would testify as to the nature and extent of appellant's injuries. In closing argument, respondent's counsel questioned why appellant failed to call Dr. Sheer. Appellant's counsel objected asserting that Dr. Sheer was equally available to either party. The court overruled the objection.

At the time of trial, the Macon Clinic had regularly referred patients to Dr. Sheer for over 16 years. Respondent discussed appellant's condition with Dr. Sheer while Dr. Sheer was treating appellant. Respondent also reviewed Dr. Sheer's records of appellant's condition.

First, respondent claims appellant failed to make a submissible case. Upon a review of the entire transcript this court finds appellant made a submissible case. The point is ruled against respondent.

Appellant's determinative point is that under facts the trial court erred in permitting respondent to argue appellant's failure to call Dr. Sheer as a witness. Appellant contends that Dr. Sheer was equally available to both parties and therefore respondent should not have been able to raise a negative inference in argument from appellant's failure to call Dr. Sheer to the stand. This court agrees.

Raising a negative inference in argument from a party's failure to call a witness equally available to both parties is improper. *Hill v. Boles*, 583 S.W.2d 141, 145[1] (Mo.banc 1979); *Stotler v. Bollinger*, 501 S.W.2d 558, 561[6–8] (Mo.App.1973). It is prejudicial error for a trial court to overrule an objection to such an argument. *Hill v. Boles, supra; Halley v. Schopp*, 400 S.W.2d 123, 126[1–4] (Mo.1966).

A party's treating physician is presumptively more available to that party. However, that presumption may be rebutted by the facts and circumstances in a particular case. *Hill v. Boles, supra*. The factors used to determine whether a witness is equally available include:

"1. one party's superior means of knowledge of the existence and identity of the witness;

2. the nature of the testimony that the witness would be expected to give in the

light of his previous statements or declarations, if any, about the facts of the case; and

3. the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party against the other."

*Hill v. Boles, supra* at 145–146[2]; *accord, Blick v. Nickel Savings, Investment & Building Assn.*, 216 S.W.2d 509, 512[1, 2] (Mo.1948).

In this case, all three factors weigh in favor of finding Dr. Sheer equally available to both parties. Appellant did not independently choose to see Dr. Sheer, but rather was sent to Dr. Sheer by respondent's clinic. Respondent's clinic regularly referred patients to Dr. Sheer for some 16 years. Respondent's counsel, in oral argument before this court, admitted a continuing business relationship existed between respondent and Dr. Sheer. In addition, respondent kept in contact with Dr. Sheer concerning appellant's progress and read Dr. Sheer's records on appellant's condition. Both parties had equal knowledge of the existence and identity of Dr. Sheer.

No previous statements exist in the record to indicate whether Dr. Sheer's testimony could be expected to be beneficial or harmful to either party. Appellant stated in his answers to interrogatories that Dr. Sheer might be called to testify to the nature and extent of appellant's injuries. Appellant presented extensive testimony on the nature and extent of his injuries. There's no indication that Dr. Sheer's testimony would have added anything else.

■ It is improper to comment on the failure to call a treating physician when there is no indication that the physician's testimony would add any new information, but rather would be merely repetitious. *Missey v. Kwan*, 595 S.W.2d 460, 464[10] (Mo.App.1980). The second factor therefore weighs against permitting respondent's counsel's comment.

Finally, respondent's ongoing business relationship with Dr. Sheer "would reasonably be expected to affect his personal interest in the outcome of the litigation." In *Hill,* the Missouri Supreme Court determined that a similar relationship between physicians was sufficient to tip the third factor toward rebutting the presumption that the treating physician was more available to the patient. *Hill v. Boles, supra* at 146.

Based on the relevant factors, therefore, Dr. Sheer was equally available to both parties. The trial court committed reversible error in overruling appellant's objection. This court does not reach appellant's other points because the errors, if any, may not arise at retrial.

The judgment is reversed and remanded for a new trial.

REINHARD, P. J., and CRIST, J., concur.