Albert J. SAUNDERS, Respondent,

v.

Jay William FLIPPO and Louise Flippo, Appellants.

No. 44956.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 7, 1982.

Hale W. Brown, Kirkwood, for appellants.

Thomas Noonan, St. Charles, for respondent.

CRIST, Judge.

Defendants, husband and wife, appeal from an adverse judgment in plaintiff's ac-

tion to replevy his pickup truck. Finding plaintiff to be the owner of the truck and entitled to its possession, the jury awarded him $500.00 damages for the truck's depreciation during its detention by defendants, and further assessed punitive damages of $4,000.00 against defendant husband and $500.00 against defendant wife. Defendants correctly contend the jury was given an erroneous instruction on punitive damages. We reverse and remand for a new trial.

The dispositive issue on appeal is such that a detailed review of the evidence is unnecessary. Plaintiff was driving home from work one evening in November, 1978, when a rear wheel and axle came off of his pickup and shattered a window in the defendants' office building. Plaintiff had the truck towed to a nearby repair shop and later, from home, tried unsuccessfully to call defendants. By the next evening, the truck had been towed back to defendants' property and impounded there in a fenced yard. There was evidence defendants (principally defendant husband) were holding the truck to secure payment for the damage to the office building. They released the truck to plaintiff only after he initiated this action and filed the affidavit and bond required under §§ 533.010 to 533.-250, RSMo. 1978 and Rules 99.01 to 99.15 to regain the truck's possession through prejudgment replevin.

■■■ The trial court's instruction on punitive damages is set out below, omitting the second paragraph which defined "malicious":

"If you find the issues in favor of Plaintiff, and if you believe the conduct of Defendants as submitted in Instruction No. 5 [plaintiff's verdict director] was willful, wanton, or malicious, then in addition to any damages to which you find Plaintiff entitled under Instruction No. 8, you may award Plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish Defendants and to deter them and others from like conduct."

The instruction is a modification of MAI 10.01 [1977 Revision] in that it substitutes "Defendants" for "defendant" in the pattern instruction. However, the correct pattern instruction for submitting punitive damages against multiple defendants was MAI 10.03 [1977 Revision]. The instruction given omitted the part of MAI 10.03 whereby defendants are accorded their right to have their conduct considered separately for the purpose of determining whether or not punitive damages should be awarded, *Annbar Associates v. American Express Co.,* 565 S.W.2d 701, 709–10 (Mo.App.1978), and also omitted the pattern instruction's provision in the second paragraph thereof to the effect the amounts assessed as punitive damages, if any, against more than one defendant may be the same or may be different. Failure to use an applicable MAI instruction is error, Rule 70.02(b) and (c), and is reversible error when, as here, there is no clear showing that prejudice could not have resulted. See: *Brannaker v. Transamerican Freight Lines, Inc.,* 428 S.W.2d 524, 537 (Mo.1968). We therefore reverse and remand for a new trial.

We will take up briefly two other legal issues likely to reappear on retrial. The first may account for the parties' otherwise inexplicable arguments that the case, initiated by plaintiff's "Petition in Replevin" seeking possession of the pickup and damages for loss of its use, actually went to the jury as an action for conversion. Both sides apparently assume punitive damages cannot be recovered in a replevin action. That assumption seems to lie behind defendants' assertion that plaintiff recovered for conversion, and that his recovery of punitive damages therefor was error because he improperly changed the theory of his case. See: *Breece v. Jett,* 556 S.W.2d 696, 710 (Mo.App.1977). On the same assumption, plaintiff argues the propriety of his recovering for conversion (which clearly he did not), seeking to uphold the punitive damages award. There is no need on retrial to persist with this confusion. Our decision in *Johnson v. Linder,* 618 S.W.2d 265, 266 (Mo. App.1981) may be counted among the "great weight of modern decisions" noted

at *Annot.,* 60 A.L.R.2d 945, 952 (1958) in which "exemplary or punitive damages are properly allowed in replevin actions where there have been particular circumstances of fraud, oppression, or wrong in the taking or detention of property." *Id.*

■ The second issue concerns the award of damages based on the truck's depreciation. Instruction No. 8, a not-in-MAI damage instruction, allowed the jury to award

"such sum as you may find from the evidence to be the fair market value of the motor vehicle as of the time of the conversion [sic], less what you find from the evidence to be the fair market value of the motor vehicle at the time it was returned."

The Supreme Court established long ago that depreciation may properly measure damages in a replevin action if the personalty, when taken or while detained, was injured by the defendant's act or culpable neglect. *Mix v. Kepner,* 81 Mo. 93, 96 (1883). Depreciation also may be the measure of damages for personalty's loss of value caused by its wrongful detention. *Rosenblatt v. Winstanley,* 186 S.W. 542, 543 (Mo.App.1916). But there was no evidence here of any injury to plaintiff's truck for which defendants are responsible, or that it lost value because of being held by them. The correct measure of damages for the truck's taking and detention would have been the value of its use during the time it was detained. *See: Johnson v. Linder,* 618 S.W.2d at 266; C. McCormick, *Handbook on the Law of Damages* § 125, at 477–78 (1935). Assuming there is evidence of the truck's "use value" on retrial, the jury should be so instructed.

Reversed and remanded.

REINHARD, P. J., and SNYDER, J., concur.