Ray W. PAXTON, Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.

No. WD 35695.

Missouri Court of Appeals, Western District.

Dec. 18, 1984.

Jack N. Bohm, Richard E. Standridge, Buck, Bohm & Stein, P.C., Kansas City, for appellant.

John E. Turner, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

LOWENSTEIN, Judge.

Plaintiff-appellant, Paxton, was stopped at a traffic light at the intersection of Nichols Parkway and Ward Parkway in Kansas City when his automobile was rear-ended by Margaret Benson's automobile. It was cloudy and raining on the morning of June 21, 1981 when the collision occurred. Paxton testified the traffic light was red when his car was struck; Benson said the light had already changed to green. Paxton said his foot was on his brake pedal, and his taillights were working right before impact. Benson said she saw no brake lights on Paxton's car, and with the light green she thought he would be moving.

After the accident Benson's car was towed away, while Paxton had a damaged bumper that cost $528.75 to repair. Paxton testified at trial that the collision caused him to be thrown forward snapping his neck, resulting in excruciating pain in the neck and shoulders. Since Benson had no liability insurance, Paxton made his claims for property damages and personal injury against the defendant-respondent, American Family Mutual Insurance Company, on the uninsured motorist coverage of his policy with the insurance company. The only claim at trial was for lost wages and physical injury. The jury returned a verdict for the insurance company.

On appeal, three of Paxton's four points dealt with the defendant's contributory negligence Jury Instruction Number 9 which read:

Your verdict must be for defendant if you believe:

First, plaintiff had his vehicle stopped on the travel portion of a public street during adverse weather conditions without giving an adequate warning of his intention to remain stopped, and

Second, plaintiff was thereby negligent, and

Third, such negligence of plaintiff directly contributed to cause any damage plaintiff may have sustained.

Paxton contends this not-in-MAI instruction was improperly submitted because MAI 17.20 was applicable. While it is clear that Rule 70.02(b) requires the use of applicable MAI's to the exclusion of all others, MAI 17.20, which reads, "[d]efendant stopped his automobile in a lane reserved for moving traffic," is not appropriate under the facts of this case. Here the initial stopping could not be deemed negligent, for Paxton was required by law to stop for a red light. If any negligence occurred, it dealt with Paxton having remained stopped.

■ Paxton improperly relies on *Saunders v. Flippo*, 639 S.W.2d 411 (Mo.App. 1982), for the proposition that the insurance company has to make a clear showing that there was no prejudice to Paxton in using the not-in-MAI instruction. The rule stated in *Saunders* refers to a *deviation* of an *applicable* MAI. The same confusion arose in *Van Dyke v. Major Tractor & Equipment Co.*, 557 S.W.2d 11, 13 (Mo. App.1977). This court said the rule is different when there is no applicable MAI so that a not-in-MAI must be given. In such a case Rule 70.02(e) applies, and the proponent must make sure the instruction be "simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." Instruction Number 9 meets those requirements.

Paxton also contends that the elements of the first paragraph of the instruction were not supported by the evidence. He says there was no evidence of adverse weather conditions. However, both parties testified that it was raining and cloudy. This was enough to submit the issue to the jury. It was the jury's perogative to decide whether the rain did or did not amount to an "adverse" condition. As to whether Paxton gave an adequate warning of his intention to remain stopped, there was contradictory testimony. The fact Benson said the light turned green, and she saw no brake lights was enough evidence on which to submit this issue. The submitted instruction actually benefitted Paxton by placing more elements of proof on the insurance company. Had the jury not determined the weather to be adverse under Number 9, they could not have found contributory negligence.

In fact, upon reviewing the record, Paxton's main problem lay not with the issue of contributory negligence, but with proving damages. The only live testimony at trial came from Paxton and his chiropractor. (Benson's testimony was read from her deposition.) The claim for $11,000.00 in lost wages was difficult to prove since Paxton was a self-employed traveling salesman. He claimed to be totally disabled from June 25th, the date of the accident, until August 17, 1981. Yet he took a trip from July 20 to July 30 from Kansas City to Wyoming and back and deducted the entire mileage from his income taxes as a business expense. Paxton admitted to calling on customers, but claimed those stops were just for "good will" and the trip was really for pleasure.

■ On direct and cross-examination Paxton testified to having regularly seen his chiropractor for about four years for back pain just prior to the accident. After the accident he claimed to be in extreme pain, yet was not hospitalized nor did he receive any medication. Though an orthopedic surgeon took x-rays of his neck and shoulders, this doctor did not treat Paxton. In fact the only treatment he received was from the chiropractor "manipulating" his back with his bare hands. The jury may well have believed Paxton was free from contributory negligence, yet awarded him no damages because they simply didn't believe he'd been hurt.

Paxton's third argument against Instruction Number 9 was that the court improperly relied upon *Stigers v. Harlow*, 419 S.W.2d 41 (Mo.1967), a case where the Missouri Supreme Court approved a not-in-MAI instruction in a wrongful death situation. There is nothing in the record to indicate that the court did in fact rely on *Stigers*. Even if it did, that would not amount to a reversible error. The important question is whether Rules 70.02(b) and

(e) were properly followed, which this court has already answered in the affirmative. Although several of Paxton's points on instructional error present a close case as to preservation, they nevertheless have been considered and ruled adversely to him.

■ The final point on appeal is that the insurance company should not have been allowed to argue a negative inference from Paxton's failure to call Dr. Schecter as a witness. A plaintiff's physician is presumed to be peculiarily available to him and thus, the defendant is generally allowed to comment on that physician's failure to testify. *Eickman v. St. Louis Public Service Co.,* 363 Mo. 651, 253 S.W.2d 122 (Mo.1952); *Mathews v. Chrysler Realty Corp.,* 627 S.W.2d 314, 317 (Mo.App. 1982). The only time such comment is prohibited is when the witness is "equally available." *Hills v. Boles,* 583 S.W.2d 141, 145 (Mo. banc 1979). But "available" does not just mean accessible to subpoena. *Trzecki v. St. Louis Public Service Company,* 258 S.W.2d 676 (Mo.1953).

Paxton was sent to Dr. Schecter, an orthopedic surgeon, by his own attorney. X-rays were taken, but no further treatment was rendered. Paxton tries to argue that there was no indication that Dr. Schecter's testimony would add any new information, and so was improper to make a negative comment. *O'Donnell v. Heutel,* 637 S.W.2d 377, 379 (Mo.App.1982). Had the orthopedic surgeon found a condition which favored Paxton's case, his testimony would have been far from repetitious. To the contrary, it would have made Paxton's case more persuasive.

■ Thus, the trial court did not err in allowing the insurance company to make a negative inference from Dr. Schecter's failure to testify because he was not equally available to both parties, nor would his testimony have been merely cumulative. This point does not call for a reversal.

The judgment of the trial court is affirmed.